44767. IRELAND v. MATTHEWS, Administratrix.

SUBMITTED SEPTEMBER 12, 1969—DECIDED OCTOBER 20, 1969.

James A. White, Jr., for appellant.

Howe & Murphy, Harold L. Murphy, Donald B. Howe, Jr., for appellee.

QUILLIAN, Judge. Regardless of the question as to whether the defendant's counter-affidavits were timely, the motion for summary judgment was properly overruled since the plaintiff failed to show he was entitled to recover as a matter of law.

*Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The plaintiff in his affidavit stated that the deceased Mrs. Hammock received various sums from him under an understanding that she would keep the money she received until his release from prison. His affidavit was the only one showing the total amount of money purportedly sent to his mother under this arrangement and what the arrangement was as to the whole sum. In this regard the affidavit showed specific payments to her of $5,913 and then recited: "Subsequent to March, 1959, I have on various occasions delivered to my mother sums of money totaling approximately $1,500 for her to keep until my release."

*Code* § 38-1603 declares that in a suit defended by the personal representative of a deceased person "the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased person." It is therefore evident that complainant's affidavit affirmatively reveals that he was not competent to testify as to the matters stated in the affidavit and his affidavit would not support a motion for summary judgment. *Moore v. Atlanta Transit System,* 105 Ga. App. 70 (1) (123 SE2d 693).

The other affidavits offered showed that $4,000 was turned over to the mother for "safe keeping" and "she acknowledged she knew what she was to do with the checks"; that $1,700 was given her by the plaintiff until he was released from the U. S. Federal Medical Center; that $213 was given her to hold in the same manner as the $1,700.

Thus, there was no evidence to show that complainant was entitled to a summary judgment for the amount shown in his

complaint, to wit $6,000. "As plaintiff has failed to enumerate any error on the trial court's omission to make an order, pursuant to *Code Ann.* § 110-1204 [now *Code Ann.* § 81A-156 (d)], specifying whether certain facts appear without substantial controversy, we can determine only whether the court erred in denying the motion as to the whole case." *Smith v. Allen,* 115 Ga. App. 80, 81 (153 SE2d 648).

The trial judge did not err in denying the motion.

*Judgment affirmed. Pannell and Evans, JJ., concur.*