46063. BORDEN, INC. v. BARKER et al.

Argued March 3, 1971—Decided June 22, 1971—
Rehearing denied July 19, 1971.

*King & Spalding, Kirk McAlpin, A. Felton Jenkins, Jr., C. David Vaughan,* for appellant.

*Heyman & Sizemore, W. Dan Greer, Neal H. Ray, Gerald M. Edenfield,* for appellees.

QUILLIAN, Judge. The sole question here presented is whether, under the circumstances above related, the plaintiffs' acceptance and cashing the checks tendered to them over the course of some 4½ years constituted an accord and satisfaction as to the amount due the plaintiffs. In our consideration of this case, recognition is given to the rule set out in *Rivers v. Cole Corp.,* 209 Ga. 406, 408 (73 SE2d 196): "When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance, and this is so whether his claim or demand be disputed or undisputed, liquidated or unliquidated. . ." See *American Associated Companies v. Vaughan,* 213 Ga. 119 (97 SE2d 144). *Code* § 20-1201 recites: "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed." "To be good, the accord must be fully executed." *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224, 226 (108 SE2d 103). Thus, as pointed out in the *Taylor* case, an executory promise to accept a stated amount in satisfaction of a debt does not become binding until such amount, under the terms of such agreement, is paid and accepted.

The contract in question placed the burden on the company to make full settlement for each calendar month on or before the 10th day of the following month. It does not recite that the parties agree that a full settlement shall then be accomplished. The

provision is clearly for the benefit of the producer to insure that payments be made promptly to such producer for all amounts delivered. The language alone is not enough to establish conclusively that payments made to and accepted by the producer would constitute a bar as to each pay period. That being true, we have to consider the further point of whether the so-called "milk settlement" and checks sent with such settlement, along with the information contained thereon and the course of dealing between the parties would amount to an accord and satisfaction. The defendant in this case asked for a summary judgment in toto and may not prevail unless he negates any and every right of plaintiffs to recovery. As to the period from September 1964 to March 1966, we have no showing as to the form of the settlement statement other than that recited in the affidavit of the defendant's agent. While the affiant states at least a part of what was contained therein, he did not affirm that this was the entire contents of the settlement statement used during that period. As pointed out in *Mitchell v. Asbury,* 94 Ga. App. 465, 466 (95 SE2d 341), a qualifying statement such as "Subject to correction of any errors or omissions" would have a vital effect in consideration of whether an accord and satisfaction resulted. There being nothing to conclusively establish that the plaintiffs could not recover for the period from September 1964 to March 1966, the trial judge did not err in denying the motion for summary judgment.

*Judgment affirmed. Evans, J., concurs. Jordan, P. J., concurs specially.*

JORDAN, Presiding Judge, concurring specially. In my opinion the defendant was entitled to a summary judgment based on the proof submitted covering the period from April 1966 through March 1969. This may be implied from the holding of the opinion to the effect there was "no showing as to the form of the settlement statement other than that recited in the affidavit" for the period September 1964 to March 1966 and, since the motion was for a summary judgment in toto, the trial court did not err in denying such motion. In my opinion the only material issue of fact in the case related to the period September 1964 to March 1966.

## On Motion for Rehearing.

On motion for rehearing appellant contends that this court should direct the entry of a partial grant of the motion for summary judgment for the period April 1966 through March 1969. The motion for summary judgment in this case set out that there was no genuine issue as to any material fact and thus sought a grant as to the whole case. The enumeration of error likewise was with regard to a summary judgment in toto and made no mention of any partial recovery. In *Smith v. Allen,* 115 Ga. App. 80, 81 (153 SE2d 648), this court held: "As plaintiff has failed to enumerate any error on the trial court's omission to make an order, pursuant to *Code Ann.* § 110-1204, specifying whether certain facts appear without substantial controversy, we can determine only whether the court erred in denying the motion as to the whole case." See *Ireland v. Matthews,* 120 Ga. App. 510, 512 (171 SE2d 387).

It is therefore apparent that under the record before us no partial grant is authorized.

*Judgment adhered to. Jordan, P. J., and Evans, J., concur.*