## 49188. GEORGIA PORTS AUTHORITY v. NORAIR ENGINEERING CORPORATION et al.

WEBB, Judge.

Appellant, defendant below, filed its motion for summary judgment "in the favor of the defendant dismissing count one of the complaint and for the relief demanded in the defendant's counterclaim on the ground that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment on count one of the complaint and upon the counterclaim as a matter

of law." The trial court entered the following order: "The defendant, Georgia Ports Authority's Motion for Summary Judgment having come on for hearing ... the Motion is hereby denied." In its enumeration of error the appellant Authority complains that "The court below erred in denying Georgia Ports Authority's motion for summary judgment as there existed no genuine issue as to any material fact and the Authority was entitled to judgment as a matter of law."

The Authority now disclaims entitlement to summary judgment as moved for, ruled upon, and enumerated as error, but instead asks this court to reverse the trial court by granting only partial summary judgment as to the claim alleged in paragraphs 6 through 18, and in paragraph 19, lines 2 through 11, of Count 1 of the complaint. However, we can determine only whether the order as actually signed and entered, denying the motion *as filed,* is error *as enumerated;* and since the Authority has not undertaken to demonstrate that it is entitled to judgment as a matter of law as to *the whole* of Count 1 of the complaint and as to its counterclaim, and makes no contention to that effect, the judgment denying the motion must be affirmed. *Cato v. English,* 228 Ga. 120 (1) (184 SE2d 161); *Smith v. Allen,* 115 Ga. App. 80 (153 SE2d 648); *Rubel Baking Co. v. Levitt,* 118 Ga. App. 306 (163 SE2d 437); *Ireland v. Matthews,* 120 Ga. App. 510 (171 SE2d 387); *Borden, Inc. v. Barker,* 124 Ga. App. 291, 295 (183 SE2d 597); *Pritchett v. Rainey,* 131 Ga. App. 521.

While the Authority contends that it limited the scope of its motion by way of briefs submitted below, and that this court should enter an order supplementing the record with the briefs, we decline to do so since the trial court entered its order in response to the motion *as filed* and *not as limited* to paragraphs 6 through 18 and to paragraph 19, lines 1 through 11. Had the trial court so limited its order and error had been enumerated thereon, a different proposition would be before us. However, we have no authority to change the order of the trial court for purposes of review, and the ordering up of the briefs would not alter the situation since the trial court made

no mention of the briefs as narrowing the scope of the motion in issuing its general order denying the motion. *Judgment affirmed. Deen and Stolz, JJ., concur.*

Argued April 2, 1974 — Decided April 18, 1974.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., J. Lee Perry, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellant.
*Friedman, Haslam & Weiner, Erwin A. Friedman, Bruce A. Howe, Drew, Hendrix & Shea, Lionel E. Drew, Jr.,* for appellees.