## 40352. PERRY v. INTERNATIONAL INDEMNITY COMPANY.

Per curiam.

In the present case, the Court of Appeals desires instructions from this court on the following two questions:

(1) Is a surviving spouse of a named insured killed in a covered accident, barred as a matter of law from recovery of optional no-fault benefits (*Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983)) by virtue of her *and her attorney's* execution of an express release of *all* no-fault claims, which release was executed on the back of a single draft covering payment of a negotiated amount within the limits of compulsory no-fault benefits? See *Flewellen,* supra, Div. 4 (b); *Garrett v. Heisler,* 149 Ga. App. 240, 241 (253 SE2d 863) (1979); *Berman v. Rubin,* 138 Ga. App. 849, 854 (227 SE2d 802) (1976).

(2) May the surviving spouse of a deceased insured/applicant, as opposed to the applicant himself, "demand and receive the benefit of $50,000 coverage upon tender . . . of such additional premium as may be due and filing of proof of loss . . ." (*Flewellen,* supra, p. 712) in a case in which the applicant did not properly execute a signed rejection of optional benefits? *Held:*

We answer these questions as follows:

1. Division 4b of *Flewellen* holds that, " 'A receipt marked (paid) in full for all claims arising under an insurance policy may not be pleaded as an accord and satisfaction in full, where it further appears that the sum actually paid was an amount which the company had already admitted owing and stood ready to pay in discharge of provisions of the contract other than those which are the basis of the recovery sought.' *Matthews [v. Gulf Life Ins. Co.,* 64 Ga. App. 112 (1) (12 SE2d 202) (1940)]. Additionally, it has been held that 'Where a party receives no more than the amount legally owed and where at that time there is no dispute existing between the parties, then the absence of any additional consideration (such as settlement

of a disputed account), causes the purported release to fail, it being a nudum pactum.' *Stamsen v. Barrett,* 135 Ga. App. 156, 159 (217 SE2d 320) (1975)." 250 Ga., supra at pp. 715-716.

The evidence in this case shows that the draft referred to in Question 1 covered payment of no-fault benefits unquestionably owed. Therefore, under *Flewellen* and the cases cited therein, the absence of any additional consideration causes the draft's restrictive endorsement to fail as a release of additional claims. Thus, Question 1 assumes facts not in evidence to the extent that it implies that the draft covered payment of a negotiated amount. For this reason, we are unable to answer Question 1 as drawn.

2. As held in Division 1 of *Flewellen,* "[t]he [No-Fault] statute says that $50,000 PIP coverage is the least the insurer must offer. OCGA § 33-34-5 (a) (Code Ann. § 56-3404b). The statute also says this offer of coverage may be refused only by a signed rejection in writing. OCGA § 33-34-5 (a) and (b) (Code Ann. § 56-3404b). In the absence of such a rejection, the policy, therefore, provides $50,000 PIP coverage from its inception. The insured has the right to demand and receive the benefit of $50,000 coverage upon tender by the insured of such additional premium as may be due and filing of proof of loss by the insured party." 250 Ga., supra at p. 712.

Question 2 asks whether the surviving spouse of a deceased insured may also receive and demand the benefit of $50,000 coverage upon tender of such additional premium as may be due, in a case in which the insurance applicant did not properly execute a signed rejection of optional benefits. For reasons which follow, we answer this question in the affirmative.

The term "insured" is defined under OCGA § 33-34-2 (5) (Code Ann. § 56-3402b) to include the spouse of the insured named in the policy. In addition, survivor's benefits constitute a portion of the optional benefits available under OCGA § 33-34-5 (Code Ann. § 56-3404b), and § 33-34-5 (2) (Code Ann. § 56-3404b) makes the spouse or dependent child or children the beneficiaries of these benefits. Furthermore, the surviving spouse was a co-insured under the insurance policy here.

*Question 1 not answered. Question 2 answered in the affirmative. All the Justices concur, except Hill, C. J., who dissents from Division 1, and Marshall, P. J., who dissents from Divisions 1 and 2.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 15, 1983.

*Tyrus R. Atkinson, Jr., C. Jeffrey Kaufman,* for appellant.

*James B. Gurley & Associates, Michael L. Wetzel,* for appellee.