## 66483. PERRY v. INTERNATIONAL INDEMNITY COMPANY.

BIRDSONG, Judge.

This is another in the plethora of cases arising from this court's initial interpretation (*Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623)), reinterpretation (*Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166)), and the Supreme Court's interpretation (*Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673)) of the requirements of former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) (1974 Ga. L. 113, Sec. 4; 1975 Ga. L. 3, Sec. 1; 1975 Ga. L. 1202, Sec. 4). This appeal is from the trial court's grant of appellee's/insurer's motion for summary judgment and denial of appellant's motion for summary judgment in this declaratory judgment action.

On May 1, 1981, appellee issued to Epristible Perry, II, a policy of motor vehicle insurance containing no-fault coverage required by the Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-1 et seq. (Code Ann. § 56-3401b et seq.)) The application executed by Perry on the same date contains no indication that Perry either elected or rejected optional no-fault coverages. On May 5, 1981, Perry was killed in an automobile accident covered by the subject policy. His surviving spouse and alleged personal representative, Harriett Perry, claimed entitlement to the maximum of $50,000 in no-fault benefits. Appellee filed this declaratory action seeking an adjudication of its liability under the subject policy. *Held:*

1. Appellee initially argues that it is entitled to summary judgment on the basis of the purported endorsement by appellant and her attorney of a check in the amount of $3,500 for basic no-fault benefits. It is undisputed that appellee has paid to appellant the total of $5,000 in basic no-fault benefits. The record on appeal contains what purports to be a copy of the front and back of a check endorsed by appellant and her attorney and containing a general release of all claims. The check is attached to the unsworn statement of appellee's claims supervisor alleging that the "attached is a true and certified copy of the front and reverse sides of a draft issued by [appellee], having number 68799."

Appellant contends that the record contains no evidence on which the trial court could enter summary judgment in favor of appellee on the basis of release or accord and satisfaction. "[T]he admissibility of evidence on motion for summary judgment, whether contained in affidavits or otherwise, is subject to the rules relating to the admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would generally be inadmissible on motion for

summary judgment." *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556, 557 (254 SE2d 881). Appellant first contends that the check was not properly authenticated. However, there is no more fundamental principle of appellate review than that preventing consideration of evidentiary objections not raised before the trial court and contained in the record on appeal. *Arnold v. DeKalb County Hosp. Auth.,* 148 Ga. App. 361 (2) (251 SE2d 382). This rule is, of course, equally applicable to evidence offered in support of or in opposition to a motion for summary judgment. *McKinnon v. Trivett,* 136 Ga. App. 59 (2) (220 SE2d 63). Accordingly, as the record shows no objection by appellant to the proffer of the check by appellee, appellant has waived any "objection to formal defects" (id.) in that evidence.

2. The question of whether appellee is entitled to summary judgment based on the general release contained on the back of the draft was the subject of the first of two questions certified to the Supreme Court in this case. See *Perry v. Intl. Indemnity Co.,* 251 Ga. 709, 710 (309 SE2d 139). It is clear from the Supreme Court's response that "under *Flewellen* and the cases cited therein, the absence of any additional consideration [beyond payment of basic no-fault benefits] causes the draft's restrictive endorsement to fail as a release of additional claims." Id. Thus, appellee's defense based upon the release and accord and satisfaction must fail.

3. Appellee's second and third arguments in support of the trial court's judgment are based upon the alleged unconstitutionality of former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) and the alleged non-retroactivity of coverage. As appellee concedes, these arguments were decided adversely to it in *Flewellen v. Atlanta Cas. Co.,* supra, 250 Ga. 709. Consequently, these contentions provide no basis to support the trial court's judgment.

4. Appellee's final argument in support of the trial court's judgment was the subject of the second question we certified to the Supreme Court in this case. That question read as follows: "May the surviving spouse of a deceased insured/applicant, as opposed to the applicant himself, 'demand and receive the benefit of $50,000 coverage upon tender . . . of such additional premium as may be due and filing of proof of loss . . .' (*Flewellen,* supra, [250 Ga. at] p. 712) in a case in which the applicant did not properly execute a signed rejection of optional benefits?" *Perry,* supra. Appellee has argued that the ability to "accept the offer" or to activate the additional $45,000 in no-fault coverage abated upon the death of Epristible Perry and, therefore, that appellant, as his surviving spouse, has no standing to activate the additional coverage. The Supreme Court answered the certified question in the affirmative, citing three independent bases for its decision. Id. (2). Consequently, this

contention in support of the trial court's judgment likewise is without merit, and the trial court erred in granting appellee's motion for summary judgment on the issue of appellee's liability for $45,000 in optional no-fault benefits.

5. Appellant also cites as error the trial court's denial of her motion for summary judgment. In opposition to her motion, appellee presented no grounds or evidence in addition to those addressed in the foregoing divisions. It is evident that, under the current state of the law, appellant has pierced appellee's allegations relating to appellant's entitlement to optional no-fault benefits in this case. Thus, the trial court erred in failing to grant appellant's motion for summary judgment on the liability issue. OCGA § 9-11-56 (Code Ann. § 81A-156). Appellee argues that it has coverage defenses not revealed in the record based upon OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) that should not be prejudiced by the trial court's judgment or this appeal. Appellee fails to recognize, however, that a party must set forth facts in the record in response to a motion for summary judgment showing there is a genuine issue for trial whenever the movant has demonstrated her entitlement to judgment as a matter of law based on the state of the record at the time of the motion. *Curtis v. J. L. Todd Auction Co.,* 159 Ga. App. 863, 864 (285 SE2d 596). Facts supporting a defense based on OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) should have been set forth in the record in response to appellant's motion. Furthermore, " '[a] party against whom summary judgment *has been granted* is in the same position, as if he suffered a verdict against him' " (*Ellington v. Tolar Constr. Co.,* 142 Ga. App. 218, 220 (235 SE2d 729)), and that judgment is conclusive as to all issues raised or which could have been raised before the trial court. As the record in this case demands judgment in favor of appellant on the issue of appellant's entitlement to $45,000 in additional no-fault coverage, the trial court erred in failing to grant appellant's motion to the extent that it sought judgment for optional no-fault benefits.

6. Also at issue on the cross motions for summary judgment was appellant's entitlement to attorney fees, penalties, and punitive damages. "Section 33-34-6 (Code Ann. § 36-3406b) . . . authorizes an award of a penalty, attorney fees, and punitive damages in certain cases where, following reasonable proof of loss by the insured, the insurer refuses to pay and such denial of benefits is not in 'good faith.' " *Binns v. MARTA,* 250 Ga. 847, 848 (301 SE2d 877). The issue of an insured's entitlement to penalties, attorney fees, or punitive damages must be reserved for a jury unless the record shows no genuine issue of material fact as to the insurer's good faith in defending the claim, and any jury award of these items must be upheld on appeal if supported

by "any evidence." Id.

The record in this case demands judgment in favor of appellee on the OCGA § 33-34-6 (Code Ann. § 36-3404b) issues. The record contains no evidence of a lack of good faith on the part of appellee in denying appellant's claim. To the contrary, the record shows a denial of coverage on at least two grounds deemed by this court to be worthy of certification to the Supreme Court. From this court's decision in *Jones,* supra, to the Supreme Court's decision in *Flewellen,* supra, the basic interpretation of former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) and the nature of the remedy accruing from a violation of its requirements traveled more than 360 degrees, and recent developments demonstrate that the resolution of those basic issues has yet to be accomplished. See *Nalley v. Select Ins. Co.,* 251 Ga. 722 (313 SE2d 465) (Hill, C. J., concurring specially). Even accepting the continued viability of *Flewellen,* supra, countless issues, including two presented by this case, upon which reasonable persons could differ remained for adjudication after *Flewellen.* The record in this case, given the nature of the issues involved and the confusing recent developments in the applicable law, unequivocally demonstrates appellee's good faith in defending the subject claim. See *Government Employees Ins. Co. v. Mooney,* 250 Ga. 760 (3) (300 SE2d 799); *Falagian v. Leader Nat. Ins. Co.,* 167 Ga. App. 800 (307 SE2d 698). Accordingly, the trial court did not err in entering judgment in favor of appellee on the OCGA § 33-34-6 (Code Ann. § 36-3404b) issues.

*Judgment reversed in part and affirmed in part. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 15, 1984 — ▮▮▮▮▮▮▮

*Tyrus R. Atkinson, Jr., C. Jeffrey Kaufman,* for appellant.
*James B. Gurley, Michael L. Wetzel,* for appellee.