68029. DOBBINS v. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA.

SOGNIER, Judge.

Henry S. Dobbins sued Occidental Fire and Casualty Company of North Carolina (Occidental) seeking to recover optional personal injury protection (PIP) benefits under a motor vehicle insurance policy issued by Occidental to Dobbins' employer, American Truck Leasing. Dobbins, a truck driver, was injured in the course of his employment and was paid the basic PIP benefits of $5,000 by Occidental, but claims damages exceeding that amount. Dobbins sought to elect the maximum PIP coverage by offering to pay Occidental the additional premium on the basis of the failure of the application for insurance to comport with requirements of OCGA § 33-34-5 (b). See *GEICO v. Mooney,* 250 Ga. 760 (300 SE2d 799) (1983); *Flewellen v. Atlanta Cas Co.,* 250 Ga. 709 (300 SE2d 673) (1983); *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). Occidental refused to provide the increased coverage and Dobbins brought the instant action. The trial court granted Occidental's motion for summary judgment. Dobbins appeals.

Appellant enumerates several grounds in contending that the trial court erred by granting summary judgment in favor of appellee. Pretermitting the question of whether the application form met the requirements of OCGA § 33-34-5 (b) in view of the Supreme Court's recent holding in *St. Paul Fire &c. Ins. Co. v. Nixon,* 252 Ga. 469 (314 SE2d 215) (1984), we hold that the instant case is controlled adversely to appellant's contentions by *Bailey v. Ga. Mut. Ins. Co.,* 168 Ga. App. 706 (309 SE2d 870) (1983). In *Bailey* we held that "a demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." *Bailey,* supra at 708. It is undisputed that American Truck Leasing was the applicant and policyholder, that it never requested additional PIP coverage nor tendered a premium for additional PIP coverage, and that no dispute exists between American Truck Leasing and appellee as to optional coverage. It is also undisputed that appellant is an "insured" who was entitled to PIP benefits under the terms of American Truck Leasing's

policy. OCGA § 33-34-2 (5). Nevertheless, OCGA § 33-34-5 (b), on which appellant relies in his claim for additional PIP benefits, "is a statute regulating applications for insurance, and, as such, it pertains to 'insureds' who actually apply for and purchase insurance, rather than to those who may benefit incidentally from the insurance contract at some future time." *Bailey*, supra at 708.

The trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MAY 25, 1984.

*Earnie R. Breeding*, for appellant.
*Terence A. Martin, Stephen L. Goldner*, for appellee.