## 68828. SOUTHEASTERN FIDELITY INSURANCE COMPANY v. TIMMONS.
### (323 SE2d 183)

BANKE, Presiding Judge.

The appellee filed this action against the appellant insurer to recover optional "no-fault" insurance benefits pursuant to the theory set forth in *Flewellen v. Atlanta Cas Co.*, 250 Ga. 709 (300 SE2d 673) (1983) and *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), as well as to recover a bad-faith penalty, attorney fees, and punitive damages pursuant to OCGA § 33-34-6. We granted an interlocutory appeal from the denial of the appellant-insurer's motion for summary judgment.

The appellee, though not the policyholder, was entitled to recover basic PIP benefits under a policy of motor vehicle accident insurance issued by the appellant to a third party. In 1980, the appellee filed suit against the appellant to recover these basic benefits, as well as a bad-faith penalty, attorney fees, and punitive damages. That suit was settled in February of 1981 for $24,500, and pursuant to the settlement, the appellee executed a full release to the appellant. At this

time, *Jones v. State Farm Mut. Auto. Ins. Co.*, supra, had already been decided by this court but was pending before the Supreme Court on application for certiorari. See *State Farm Mut. Auto. Ins. Co. v. Jones*, 248 Ga. 46 (280 SE2d 837) (1981).

Subsequent to the termination of the original suit, the appellee made several written demands on the appellant for payment of optional no-fault benefits. In response to the most recent such demand, the appellant, on April 8, 1983, advised the appellee by form letter that it intended to comply fully with the Supreme Court's decision in *Flewellen*, supra, stating that "[t]he only requirement for activation of all the terms of the policy is the payment of an additional premium due, which is $771, and filing proof of loss by the injured party." Thereafter, on April 19, 1983, counsel for the appellee submitted a check for $771 in payment of the additional premium. However, on April 21, 1983, the appellant obtained from the named insured a written rejection of all optional no-fault coverage; and, based on this rejection, it subsequently notified appellee's counsel that no further coverage existed under the policy. This suit followed.

The appellant contends on appeal that the appellee's claim is barred by the prior release, by the doctrine of res judicata, by the appellee's lack of standing to elect optional coverage on the named insured's behalf, and by the fact that the named insured affirmatively rejected the optional coverage. *Held*:

Pretermitting the other issues raised by the appellant, we conclude that because the appellee was not the policyholder he had no standing either to elect optional PIP coverage or to tender the additional premium required for the purchase of such coverage. "[A] demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983). We reject the appellee's argument that the appellant was estopped to deny coverage as a result of its representation that it would extend the optional coverage upon payment of the additional premium. Generally, " '[n]either waiver nor estoppel can be used to create a liability not created by the contract and never assumed by the insurer under the terms of the policy.' (Cits)." *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431 (2) (288 SE2d 343) (1982). Furthermore, there was obviously no detrimental reliance by the appellee on the representation in question, the accident in question having already occurred. It follows that the appellant's motion for summary judgment should have been granted.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 11, 1984 —
REHEARING DENIED OCTOBER 12, 1984

*Wallace Miller III*, for appellant.
*Ben B. Mills, Jr.*, for appellee.