68835. HALL v. INTERNATIONAL INDEMNITY COMPANY.
(323 SE2d 893)

McMURRAY, Chief Judge.

On or about October 15, 1977, the International Indemnity Company (IIC) issued an automobile liability insurance policy to Herman G. Hall (plaintiff's deceased husband). Understanding the policy to provide only $5,000 personal injury protection (PIP) benefits, on November 10, 1977, IIC sent Hall a letter, by first class mail and postage prepaid, advising him of optional PIP coverage and the additional premiums necessary for such coverage. The letter did not contain any space for the insured's signature, but it did indicate that a lack of response within 30 days would be considered a rejection of all of the optional coverage. IIC never received any response. On February 10, 1978, plaintiff Hall's husband was involved in an automobile accident and he subsequently died (on February 22, 1978) as a result of the injuries he sustained from that accident. IIC paid to plaintiff, as widow and administratrix of her deceased husband's estate, $5,000 PIP benefits under the policy.

On January 18, 1982, plaintiff, as surviving spouse, requested

payment of $45,000 additional PIP benefits from IIC, submitted a proof of loss and tendered the additional premium necessary for the additional coverage. IIC denied the claim, and plaintiff subsequently commenced this action, seeking the additional PIP benefits, the statutory penalties, punitive damages and attorney fees based on IIC's bad faith refusal to pay the claim.

Following the filing of IIC's answer, generally denying plaintiff Hall's right to recover on her complaint, IIC moved for summary judgment and plaintiff moved for partial summary judgment as to liability. On January 9, 1984, the trial court granted summary judgment in favor of IIC and denied plaintiff's motion. It is from that order that plaintiff appeals. *Held*:

1. Plaintiff contends that the trial court erred in granting IIC's summary judgment motion and in denying plaintiff's motion for partial summary judgment as to liability. To this end, plaintiff argues that IIC was not entitled to invoke OCGA § 33-34-5 (c) (formerly Code Ann. § 56-3404b (c)) to effect a rejection of the $50,000 PIP coverage which the subject insurance policy provided from its inception due to noncompliance with OCGA § 33-34-5 (b) (formerly Code Ann. § 56-3404b (b)). Additionally, plaintiff argues that she, as surviving spouse of the deceased insured, is entitled to demand and receive the $50,000 PIP coverage upon tender of such additional premium as may be due and filing of a proof of loss. We agree.

a. This court has examined the initial application pursuant to which the insurance policy in question was issued and has determined: (1) that the application form did not comply with the signature requirements of OCGA § 33-34-5 (b), supra. (*Intl. Indem. Co. v. Reeves*, 165 Ga. App. 730 (302 SE2d 611)) and (2) that the application form was not in substantial compliance with the requirements of OCGA § 33-34-5 (b), supra. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) and *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215).

b. This court has also examined the letter IIC sent to Hall purportedly "reoffering," pursuant to OCGA § 33-34-5 (c), supra, optional no-fault benefits and has determined that it met the requirements of OCGA § 33-34-5 (c), supra, as set forth in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698 (310 SE2d 221).

c. However, the issue concerning the applicability of OCGA § 33-34-5 (c), supra, to post-March 1, 1975, no-fault policies was decided adversely to IIC in *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816). Furthermore, the issue concerning whether "the surviving spouse of a deceased insured/applicant, as opposed to the applicant himself, [may] 'demand and receive the benefit of $50,000 coverage upon tender . . . of such additional premium as may be due and filing of proof of loss . . .' in a case in which the applicant did not properly

execute a signed rejection of optional benefits" (*Perry v. Intl. Indem. Co.*, 251 Ga. 709 (309 SE2d 139)), was also decided adversely to IIC in *Perry v. Intl. Indem. Co.*, 251 Ga. 709, supra.

2. Therefore, the case sub judice is controlled by the recent Supreme Court cases of *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185, supra, and *Perry v. Intl. Indem. Co.*, 251 Ga. 709, supra. The trial court should have denied IIC's summary judgment motion and granted plaintiff's motion for partial summary judgment as to liability. Consequently, the judgment of the trial court must be reversed.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1984.

*Harry L. Cashin, Jr., Frank L. Wilson III, Raymond C. Mayer,* for appellant.

*J. Loren Fowler,* for appellee.