### 69501. OCCIDENTAL FIRE & CASUALTY COMPANY v. BUYCE.
(328 SE2d 574)

CARLEY, Judge.

Appellee-claimant was injured in a motor vehicle collision while he was a guest passenger in an automobile owned by Mrs. Williams and insured by appellant. Appellant paid appellee basic personal injury protection (PIP) benefits for medical expenses and lost wages. Thereafter, appellee sought to receive increased optional PIP benefits pursuant to the holdings of *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983) and *Government Employees Ins. Co. v. Mooney*, 250 Ga. 760 (300 SE2d 799) (1983). Appellant refused to pay appellee's claim for optional benefits, and the instant civil action was instituted. At trial, the jury returned a verdict in favor of appellee for compensatory damages and attorney fees. Appellant appeals from the judgment entered on the verdict, enumerating as error the denial of its motions for directed verdict and for judgment n.o.v.

1. In *Government Employees Ins. Co. v. Mooney*, supra, the Supreme Court addressed the issue of whether a guest passenger was

entitled to recover optional PIP benefits under the rationale of *Flewellen v. Atlanta Cas. Co.*, supra. The court held that "where *the insured* has made his demand and tendered the premium, *other insured persons* under the policy have standing to make claims by submitting proof of loss." (Emphasis supplied.) *Mooney*, supra at 762-763. This court interpreted and applied *Mooney* in *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706 (309 SE2d 870) (1983). In that case, we noted that there is a fundamental distinction between an insured/applicant/policyholder and a person who incidentally becomes an "insured" when he is injured under circumstances covered by another's insurance policy. While the former "insured" is a party to the contract, the latter "insured" is not. Although an insurance policy may provide for optional PIP benefits "from its inception" under *Flewellen*, the insurer's obligation to pay those benefits does not arise until the insured/policyholder — as contrasted to an incidental "insured" — demands the higher coverage and tenders his premium therefor. Accordingly, we held that "a demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." *Bailey*, supra at 708. Accord *Dobbins v. Occidental Fire & Cas. Co.*, 171 Ga. App. 98 (319 SE2d 31) (1984).

In the instant case, although the policyholder, Mrs. Williams, testified that she would like higher optional PIP benefits, she admitted that she did not make a demand upon appellant for them, nor did she tender the requisite additional premium therefor. Thus, it appears that appellee was not entitled to recover optional PIP benefits under Mrs. Williams' policy of insurance. *Bailey*, supra; *Dobbins*, supra.

The basis of the dissent's position in this case appears to be that the judgment in favor of appellee is authorized by the Supreme Court's ruling in *Perry v. Intl. Indem. Co.*, 251 Ga. 709 (309 SE2d 139) (1983). *Perry* was decided approximately a month after this court's decision in *Bailey*, but made no reference to it. The contention of the dissent is that *Bailey* and *Dobbins* are inconsistent with the spirit of *Perry*, and therefore should be overruled.

In *Perry*, the applicant/insured was killed in an incident covered by the policy of insurance. The applicant had not properly executed a signed rejection of optional benefits prior to his death. The Supreme Court held that the surviving spouse of the deceased applicant could receive the benefit of optional PIP coverage by tendering the additional premium due and submitting proper proof of loss. The Supreme Court expressly articulated three reasons for its conclusion: (1) the term "insured" as defined by OCGA § 33-34-2 (5) includes the spouse of the named insured; (2) survivor's benefits constitute a portion of the optional PIP benefits at issue, and the spouse or dependent child or children are the beneficiaries of these benefits under

OCGA § 33-34-5 (2); and (3) the surviving spouse of the deceased applicant was a co-insured under the particular policy. *Perry*, supra at 710.

We find that the three-pronged rationale of *Perry* is inapplicable to the factual situations of *Bailey* and *Dobbins*. In each of the latter cases, although the claimant for optional PIP benefits was an "insured" as defined by OCGA § 33-34-5 (2), he was not a co-insured under the terms of the contract of insurance. Since the claimant in each of those cases was not a party nor in privity with a party to the contract, he was not entitled to modify the terms to which the parties to the contract had agreed. Additionally, the fact that *Perry* involved survivor's benefits is a significant difference between that case and *Bailey* and *Dobbins*. In *Perry*, the deceased applicant/policyholder was not available to demand optional PIP benefits, nor could he assent or object to such demand by his surviving spouse. In both *Bailey* and *Dobbins*, the applicant/policyholder was alive and *did not desire increased optional PIP coverage.*

In light of these distinctions, it is apparent that *Bailey* and *Dobbins* are totally consistent with both the spirit and the letter of *Perry*, and that the holdings of all three of those cases are correct statements of law.

The case at bar is controlled by *Bailey* and *Dobbins*. Here, as in those cases, the claimant was an "other insured person" as contemplated by *Mooney*, but the insured/applicant/policyholder did not properly demand optional PIP coverage and tender the requisite premium. Since this condition precedent was not performed, the insurer's obligation to pay optional PIP benefits did not arise. Consequently, appellee was not entitled to recover such benefits. Moreover, since appellant was not liable to appellee for optional PIP benefits, its conduct with respect to his claim did not constitute a bad faith refusal to pay which would give rise to an award of attorney fees.

The trial court erred in denying appellant's motions for directed verdict and for judgment n.o.v.

2. The remaining enumerations of error need not be reached in light of our decision in Division 1.

*Judgment reversed. Banke, C. J., Birdsong, P. J., Sognier, Pope, Benham and Beasley, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DECIDED MARCH 14, 1985.

*Edmund A. Landau III*, for appellant.
*Billy M. Grantham*, for appellee.

McMurray, Presiding Judge, dissenting.

I respectfully dissent as I would affirm the trial court. In my view *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706 (309 SE2d 870), and *Dobbins v. Occidental Fire & Cas. Co.*, 171 Ga. App. 98 (319 SE2d 31), should be overruled because they are fundamentally inconsistent with the spirit of the Supreme Court's holding in *Perry v. Intl. Indem. Co.*, 251 Ga. 709 (309 SE2d 139). My reading of *Perry* leads me to conclude that an "insured," as defined by OCGA § 33-34-2 (5), may demand coverage of $50,000 upon the tender of an additional premium "in a case in which the insurance applicant did not properly execute a signed rejection of optional benefits." *Perry v. Intl. Indem. Co.*, 251 Ga. 709, 710, supra. In pertinent part, OCGA § 33-34-2 (5) states: " 'Insured' means, in addition to the insured named in the policy, his spouse and children if residing in the same household, the relatives of either the insured or his spouse if residents of the named insured's household, any pedestrian struck by the insured vehicle, *and any other person using or occupying the insured vehicle with the express or implied permission of the named insured or his spouse.*" (Emphasis supplied.)

Since the claimant Buyce was an "insured" as the term is used in OCGA § 33-34-2 (5), and since the insurance applicant (Williams) did not properly execute a signed rejection of optional benefits, I would hold that the claimant was entitled to demand the benefit of $50,000 coverage upon the tender of the additional premium due.

I am authorized to state that Presiding Judge Deen joins in this dissent.