## 70012. TOMPKINS v. AETNA CASUALTY & SURETY COMPANY.

### (331 SE2d 907)

SOGNIER, Judge.

Dolores Tompkins, while a pedestrian, was injured by an automobile driven by an Aetna Casualty and Surety Company (Aetna) policyholder. Aetna paid Tompkins the basic personal injury protection benefits in accordance with the policy limits. Tompkins tendered additional premiums to Aetna and made demand for the maximum additional PIP benefits. Aetna petitioned for a declaratory judgment and both sides moved for summary judgment. The trial court granted summary judgment in favor of Aetna and against Tompkins. Tompkins appeals.

Pretermitting the other issues raised by appellant, it affirmatively appears from the record that the policyholder has never made a demand for optional benefits and thus this case is controlled by *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983) where we held that "a demand for increased coverage by the policyholder is necessary before those who would be incidental or third-party beneficiaries as 'other insureds' can seek optional benefits." Id. at 708. See also *Occidental Fire & Cas. Co. v. Buyce*, 173 Ga. App. 881 (328 SE2d 574) (1985); *Southeastern Fidelity Ins. Co. v. Timmons*, 172 Ga. App. 366 (323 SE2d 183) (1984); *Vandergriff v. Travelers Ins. Co.*, 172 Ga. App. 198 (322 SE2d 522) (1984). We find no merit in appellant's argument that appellee by threats coerced its insured not to make demand for optional benefits since the record reveals that appellee's statement simply informed its insured that it would exercise its legal right to file a declaratory judgment proceeding on the policy should she institute a claim for those benefits.

Accordingly, the trial court did not err by granting summary judgment in favor of appellee and denying appellant's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 10, 1985 —
REHEARING DENIED MAY 22, 1985 —

*Barry A. Karp, Harold Karp,* for appellant.
*Kenneth F. Dunham, William Lewis Spearman,* for appellee.