70016. INTERNATIONAL INDEMNITY COMPANY
v. McKEEVER.
(331 SE2d 909)

CARLEY, Judge.
On September 3, 1983, a binder of automobile liability insurance was issued to appellee-insured Gary McKeever by appellant-insurer International Indemnity Company. While driving later on the same day, appellee McKeever struck and killed his infant nephew. When appellant's policy of insurance was delivered to appellee McKeever on September 23, 1983, a separate endorsement was attached thereto, under the terms of which coverage was *excluded* for bodily injury to the insured, the insured's spouse, or "any resident family member of [the insured's] household." The endorsement defined "family member" as "a person related to [the insured] by blood, marriage, or adoption, or a step-child, who is a resident of [the insured's] household including a ward or foster child."

Subsequently, a wrongful death suit was brought against appellee McKeever for the death of his nephew. This action was brought by appellee Cherry Dean McKeever, the child's mother and appellee McKeever's sister. After the wrongful death action was filed, appellant initiated the instant declaratory judgment proceeding. Asserting that the child had been a resident of appellee McKeever's household on September 3, 1983, appellant invoked the exclusionary endorsement of the policy and sought a declaration that it would not be required to

defend the pending wrongful death action or to pay a portion of any judgment that might be rendered therein.

Cross-motions for summary judgment were filed. A hearing was conducted and the trial court granted summary judgment in favor of appellees as to the existence of coverage and denied appellant's motion for summary judgment. Appellant appeals from these rulings.

We note at the outset that the existence of the exclusionary endorsement in the policy delivered to appellee McKeever on September 23, 1983, is not dispositive. The death of the infant occurred during the period when the binder was in effect. A binder is " 'itself a contract — temporary, sketchy, and informal, but a contract notwithstanding. [Cit.]' " *Fort Valley Coca-Cola Bottling Co. v. Lumbermen's Mut. Cas. Co.*, 69 Ga. App. 120, 124 (24 SE2d 846) (1943). Thus, the question is whether coverage would be afforded under the binder, not necessarily whether coverage would be excluded under the terms of the subsequently delivered policy.

OCGA § 33-24-33 is the controlling statutory provision with regard to insurance binders. Subsection (a) of that statute provides a statutory rule of construction for these "temporary, sketchy, and informal" contracts. It provides, in relevant part, that binders *"shall be deemed* to include all the *usual terms of the policy* as to which the binder was given together with any applicable endorsements that are *designated* in the binder, except as superseded by the clear and express *terms of the binder."* (Emphasis supplied.) " '(I)n its ordinary signification "shall" is a word of command. . . .' [Cit.]" *Cole v. Frostgate Warehouses*, 150 Ga. App. 320, 323 (257 SE2d 309) (1979), rev'd on other grounds 244 Ga. 782 (262 SE2d 98) (1979). " 'Deemed' has been variously defined as being synonymous with 'considered' and 'adjudged.' " *Lumbermen's Mut. Cas. Co. v. McIntyre*, 67 Ga. App. 666, 669 (21 SE2d 446) (1942). "The word 'terms' is defined as 'propositions, limitations, or provisions, stated or offered, as in contracts, for the acceptance of another and determining the nature and scope of the agreement.' [Cit.]" *Moore v. Wells*, 212 Ga. 446, 450 (93 SE2d 731) (1956). "To designate is to 'mark out and make known; to point out; to name; indicate; show; to distinguish by marks or description; to specify. . . . [Cit.]" *Lankford v. Pope*, 206 Ga. 430, 432-433 (57 SE2d 538) (1950). Thus, OCGA § 33-24-33 (a) provides that a binder must initially be considered as consisting of the usual provisions contained in the policy, plus any applicable endorsements which the binder specifies as a part of the contract. However, to the extent that a specific binder may be rendered less sketchy or informal by the existence of its own clear and express provisions, the statute provides that those provisions must be considered as superseding those usually contained in the policy and which would otherwise be considered as comprising the binder.

Accordingly, under OCGA § 33-24-33 (a) the analysis of an insurance binder proceeds as follows: If clear and express terms have been agreed upon, they must be considered as controlling over the usual policy provisions. If there are no clear and express terms agreed upon, the usual policy provisions must be considered as controlling, together with any applicable endorsement that is specified in the binder. If there are no applicable endorsements specified in the binder, the usual policy provisions must be considered to be controlling.

In the instant case, there were no clear and express provisions provided for in the binder for automobile liability insurance. The binder did not otherwise specify any applicable endorsements with regard to that insurance. Thus, the usual policy provisions are controlling as to the existence of coverage with regard to the death of appellee McKeever's nephew. Appellant's policy purports to provide bodily injury liability coverage pursuant to the following language: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by *any person*, caused by accident arising out of the ownership, maintenance or use of the automobile." (Emphasis supplied.) Although the policy itself does contain certain exclusionary provisions, none would serve to exclude coverage for the death of appellee McKeever's nephew.

Appellant asserts that the exclusion of coverage for resident family members is a usual endorsement attached to the automobile policies that it issues. Be that as it may, the instant case concerns a binder, not a formal policy of insurance. Under OCGA § 33-24-33 (a), for appellant's endorsement to be considered as having been "included" in the binder, that endorsement would have to have been *specified* in the binder that it gave to appellee McKeever. Since it was not so specified, appellant cannot rely upon the subsequent endorsement to the policy as a basis for asserting that the death of appellee McKeever's nephew while the binder was in effect was not covered under the "terms" thereof. The trial court did not err in granting summary judgment in favor of appellees or in denying appellant's motion for summary judgment.

*Judgment affirmed. Sognier, J., concurs. Birdsong, P. J., concurs specially and concurs in the judgment only.*

BIRDSONG, Presiding Judge, concurring specially and concurring in the judgment only.

Though I have grave reservations about both the rationale and result of this case for the reasons hereinafter to be stated, I conclude that I have no alternative other than to specially concur and in the judgment only.

The end result of interpreting OCGA § 33-24-33 to extend insurance coverage to every incident that falls within the original printed provisions of the policy and excluding every endorsement that either expands or restricts coverage that is not expressly stated in the binder, is to make the binder broader in scope in insurance coverage than the policy of insurance which the binder intends to represent. This surely can open a potential Pandora's box full of abuses either by the insurer or by the insured; the insurer by denying expanded coverage because such coverage is granted only by endorsement; and the insured by claiming, as in this case, coverage for which McKeever took a binder in place of a policy which policy admittedly did not cover the injury involved. In the instant case, had the endorsement only appeared in the policy involved, and not in every policy issued, I would concur without comment with the opinion as written.

I am inclined toward the view that the legislature inadvertently incorporated the words "designated in the binder" into the statute relating to insurance binders. It is more logical to conclude that the binder really should be deemed to include all the usual terms of the policy together with any applicable endorsements except such endorsements that are superseded by clear and express terms of the binder.

However, that is not what the statute says. The statute seems to include in addition to coverage as originally written into the policy, only such endorsements as are specifically designated in the binder with the anomalous exception that designated endorsements may be superseded by the clear and express terms of the binder. Thus, I must assume that the insurer would be required to incorporate all desired amendments by general or specific reference and exclude those which it did not wish to apply by specific exception. Such a cumbersome process seems to nullify the very purpose of a binder. However, inasmuch as the insurer prepared and presented the binder to McKeever, it is bound by the terms of the binder. Accordingly, though I am uncomfortable with both the interpretation of the statute as well as the result that interpretation engenders, I am forced reluctantly to agree in the judgment only.

DECIDED MAY 17, 1985 —
REHEARING DENIED MAY 29, 1985 — ▮▮▮▮▮▮▮

*Michael L. Wetzel*, for appellant.
*Jerry L. Worthy, A. Ed Lane*, for appellee.