## 70590. DUNHAM v. GRANGE MUTUAL CASUALTY COMPANY.
(335 SE2d 666)

SOGNIER, Judge.

Susie Dunham brought this action as administratrix of the Estate

of James Moore and as next friend of Margaret Wiley against Grange Mutual Casualty Company (Grange Mutual) seeking to recover optional personal injury protection (PIP) benefits under a motor vehicle insurance policy issued by Grange Mutual to Moore's employer, William Penn Waller, Inc. (Penn Waller). Moore died from injuries incurred in an accident while he was driving a Penn Waller truck. The trial court granted summary judgment in favor of Grange Mutual and denied Dunham's motion for summary judgment. Dunham appeals.

Penn Waller's original motor vehicle insurance policy with appellee provided $5,000 in PIP coverage. In February 1983, prior to the policy's April 21, 1983 renewal date, Penn Waller's agent requested that the policy be renewed "as is." This request acted as a binder for the original policy terms, including $5,000 PIP coverage, and was in effect when Moore died on May 12, 1983. On May 26, 1983, appellee sent a policy to Penn Waller with an effective date of April 21, 1983, but including $50,000 in PIP benefits. On receipt of that policy, Penn Waller's agent immediately informed appellee of the error in PIP coverage and requested a corrected policy. Subsequently, appellee issued endorsements, effective date April 21, 1983 correcting Penn Waller's policy to reflect $5,000 in PIP coverage.

Appellant contends the trial court erred by denying his motion for summary judgment and by granting summary judgment in favor of appellee. Appellee argues that there is no question of fact that the policy between Penn Waller and appellee provided maximum optional PIP coverage of $50,000. It is uncontroverted that Moore was an insured entitled to PIP benefits under the terms of Penn Waller's policy with appellee. OCGA § 33-34-2 (5); *Dobbins v. Occidental Fire &c. Co.,* 171 Ga. App. 98 (319 SE2d 31) (1984). However, appellant's rights to PIP benefits based on Moore's insured status are determined by the specific terms of the instrument in effect at the time of Moore's death, see *International Indem. Co. v. McKeever,* 174 Ga. App. 871 (331 SE2d 909) (1985), which in this case consisted of the renewal binder between appellee and Penn Waller expressly providing only basic PIP coverage of $5,000. Because appellant's rights are no greater than if the contract were enforced between the nominal parties, appellant being in no better position than the named insured, *Bailey v. Ga. Mut. Ins. Co.,* 168 Ga. App. 706 (309 SE2d 870) (1983), there is no question of fact that appellant is not entitled to additional optional PIP benefits. Id; *Dobbins,* supra; see also *McKeever,* supra.

We disagree with appellant's argument that the controlling document in this case is the policy issued by appellee after Moore's death providing $50,000 in optional PIP benefits. A review of the record shows that Penn Waller specifically rejected additional PIP coverage and the subsequent endorsements corrected the error in PIP coverage to provide $5,000 basic PIP only. Thus, even looking at the docu-

ments issued after Moore's death and construing those documents together, see OCGA §§ 33-24-1 (1); 33-24-16; *Gulf American Fire &c. Co. v. McNeal*, 115 Ga. App. 286, 290 (2) (154 SE2d 411) (1967), it is clear that the policy provided only $5,000 in basic PIP coverage. Further, it is undisputed that Penn Waller, the policyholder, never requested additional PIP coverage and specifically rejected that coverage. Under these circumstances, appellant has no claim to additional PIP benefits under the policy. *Dobbins*, supra; *Bailey*, supra. We also find no merit in appellant's argument that a refunded overcharge constituted a premium payment binding appellee and Penn Waller to a provision for $50,000 optional PIP coverage. The insurance contract is unambiguous and consistent with both appellee's and Penn Waller's stated intent that it provide only $5,000 basic coverage. See generally *Cincinnati Ins. Co. v. Gwinnett Furn. Mart*, 138 Ga. App. 444, 446 (226 SE2d 283) (1976).

Therefore, the trial court did not err by denying appellant's motion for summary judgment and by granting summary judgment in favor of appellee.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 16, 1985 —
REHEARING DENIED SEPTEMBER 30, 1985 —

*Clarence L. Martin*, for appellant.
*Richard A. Rominger, Albert E. Clark*, for appellee.