72636. BUTTS v. GEORGIA CASUALTY & SURETY COMPANY.
(348 SE2d 94)

BIRDSONG, Presiding Judge.

The plaintiff, Roderick Butts, by and through his mother as next friend, Brenda Butts, appeals from the denial of her motion for summary judgment and the grant of summary judgment to the defendant, Georgia Casualty & Surety Co. Georgia Casualty issued an automobile insurance policy to Charlie Ingram, Sr., on February 22, 1977, which provided for the minimum personal injury protection in the amount of $5,000. While the policy was in full force and effect on June 30, 1977, the policyholder's son, Charlie Ingram, Jr., was killed in an automobile accident in the insured vehicle. Georgia Casualty paid funeral and medical expenses of $1,599 to the deceased's parents, the policyholder and his wife.

By letter dated November 21, 1984, plaintiff, the putative illegitimate son of Charlie Ingram, Jr., by and through his attorney, demanded that Georgia Casualty increase the aggregate personal injury protection amount from $5,000 to $50,000, tendered the additional premium, and made claim for $50,000 in lost wages, under the authority of *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623). Georgia Casualty denied the claim and plaintiffs filed this action. Both parties moved for summary judgment, and plaintiffs appeal the denial of their motion and the grant of defendant's motion. *Held*:

The policyholder, Charlie Ingram, Sr., who is still alive, has never questioned the amount of insurance afforded by his policy and has never demanded that the personal injury protection be increased, nor has he tendered any additional premium for such increase. Our Supreme Court has held that "the intent of OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) is to ensure that insurers offer optional coverages *to applicants* for no-fault insurance *and* that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing*." (Emphasis partly in original.) *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 714 (300 SE2d 673). The court, in *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870), held that "the rationale of *Jones, Flewellen*, and [*GEICO v.*] *Mooney* [250 Ga. 760 (300 SE2d 799)] has efficacy only where there is a dispute *between a policy-*

*holder and an insurer* as to optional coverage. . . . [Therefore] a demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." (Emphasis supplied.) Accord *Dunham v. Grange Mut. Cas. Co.,* 176 Ga. App. 263, 265 (335 SE2d 666); *Tompkins v. Aetna Cas. &c. Co.,* 174 Ga. App. 819 (331 SE2d 907); *Occidental Fire &c. Co. v. Buyce,* 173 Ga. App. 881, 882 (328 SE2d 574); *Southeastern Fidelity Ins. Co. v. Timmons,* 172 Ga. App. 366, 367 (323 SE2d 183); *Dobbins v. Occidental Fire &c. Co.,* 171 Ga. App. 98 (319 SE2d 31).

The insurer produced a facsimile of the policyholder's application in which he elected minimum PIP and rejected the other optional PIP selections. Such facsimile was admissible because the insurer had purged his record copy approximately five years after the file on this incident was closed as a routine business procedure of record keeping. *Jefferson Pilot Fire &c. Co. v. Prickett,* 176 Ga. App. 810 (338 SE2d 19). The policyholder has not contested the insurer's claim that his selection of the minimum PIP was in accordance with the requisites of the Code. Accordingly, the claim of this alleged heir of the third-party beneficiary of the insurance contract is not legally cognizable. *Bailey,* supra at 709. The trial court did not err in denying plaintiffs' motion for summary judgment and granting defendant's motion.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

ON MOTION FOR REHEARING.

Plaintiff has filed a motion for rehearing in which he raises the issue of his entitlement to the remainder of funds not expended in the policy's minimum PIP coverage. In essence, plaintiff asks for a partial summary judgment in the amount of $3,401, the remainder of minimum PIP coverage not paid to the deceased's parents.

The complaint alleged that "[d]efendant [insurer] has failed and refused to pay the *optional* benefits that are lawfully due plaintiff . . . ." (Emphasis supplied.) The complaint prayed for $50,000 "personal injury protection benefits rightfully belonging to plaintiff . . . ." The plaintiff moved "for a summary judgment in favor of the plaintiff and against the defendant on the ground that there is no genuine issue as to any material fact. . . ." A movant has the option, under OCGA § 9-11-56 of moving for a whole summary judgment or for "an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy. . . ." OCGA § 9-11-56 (d). In other words, movant can elect to move for a whole or a partial summary judgment. This same issue was raised in *Borden, Inc. v. Barker,* 124 Ga. App. 291, 295 (183 SE2d 597), on a motion for rehearing, and we

found that "[t]he motion for summary judgment in this case set out that there was no genuine issue as to any material fact [as in this case] and thus sought a grant [of summary judgment] as to the whole case. The enumeration of error [as in this case] likewise was with regard to a summary judgment in toto and made no mention of any partial recovery." Thereafter, we reaffirmed a prior holding, *Smith v. Allen*, 115 Ga. App. 80, 81 (153 SE2d 648), in which it was held, "[a]s plaintiff has failed to enumerate any error on the trial court's omission to make an order, pursuant to [OCGA § 9-11-56 (d)] specifying whether certain facts appear without substantial controversy, we can determine only whether the court erred in denying the motion as to the whole case." Accord *Pritchard v. Rainey*, 131 Ga. App. 521 (206 SE2d 726); *Ireland v. Matthews*, 120 Ga. App. 510, 512 (171 SE2d 387).

This court also addressed a similar issue in *Georgia Ports Auth. v. Norair Engineering Corp.*, 131 Ga. App. 618, 619 (206 SE2d 563), in which the defendant filed for summary judgment, which was denied. On appeal, defendant claimed he was "entitled to judgment as a matter of law." The Ports Authority asked this court "to reverse the trial court by granting only partial summary judgment" as to a portion of the claim asserted below. We held "we can determine only whether the order as actually signed and entered, denying the motion *as filed*, is error *as enumerated*; and since the Authority has not undertaken to demonstrate that it is entitled to judgment as a matter of law as to *the whole* . . . of the complaint . . . and makes no contention to that effect, the judgment denying the motion must be affirmed."

Hence, the complaint in the instant case sought recovery of $50,000. The motion for summary judgment sought recovery of the whole amount and plaintiff did not request partial summary judgment under OCGA § 9-11-56 (d). The trial court ruled on the summary judgment motion, as filed, and correctly found that plaintiff was not entitled to the entire $50,000 because a third-party beneficiary could not make application for "optional" benefits in lieu of the policyholder. The error enumerated on appeal was directed toward denial of its motion as presented. The trial court did not err in denying plaintiff's motion for summary judgment for $50,000.

Turning to the issue of plaintiff's entitlement to partial summary judgment for the remainder of the funds in basic PIP coverage, we find that this issue is not raised by the enumerated error. *Pritchett*, supra; *Borden*, supra; *Ireland*, supra; *Smith*, supra. Further, this issue was neither raised nor ruled upon in the trial court. Plaintiff has now sought to raise this issue for the first time on appeal. "He must stand or fall upon the position taken in the trial court. [Cits.] He cannot thus mend his hold [on appeal]. [Cits.]" *H. W. Ivey Constr. Co. v.*

*Transamerica Ins. Co.*, 119 Ga. App. 794 (2) (168 SE2d 855); accord *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200, 202 (243 SE2d 565).

*Judgment adhered to. Motion for rehearing denied.*

DECIDED JULY 3, 1986 —
REHEARING DENIED JULY 21, 1986.

*Lonzy F. Edwards*, for appellant.
*Gary L. Seacrest, Stephen M. Worrall*, for appellee.