72841. ALLEN v. INDUSTRIAL INDEMNITY COMPANY.
(351 SE2d 251)

BENHAM, Judge.

1. Appellant's decedent, an employee of Sandy Springs Toyota, Inc., was killed in an automobile accident involving a car owned by Sandy Springs Toyota and insured by appellee Industrial Indemnity Company. Appellee paid the basic $5,000 personal injury protection (PIP) benefits to appellant, who, claiming that the application for insurance completed by the policyholder did not meet the requirements of OCGA § 33-34-5 (b), sought to elect increased optional PIP benefits and tendered the premium therefor. Appellee declined to provide the increased coverage, and appellant filed suit. Cross-motions for summary judgment were filed, and appellant takes issue with the denial of her motion and the grant of summary judgment to appellee.

It is undisputed that neither appellant nor appellant's decedent was the policyholder of the policy under which appellant seeks the increased PIP coverage, and that the policyholder (the employer of appellant's decedent) has never claimed or paid for optional PIP benefits under the policy and has never authorized anyone to do so on its behalf. This court has repeatedly held that "a demand for increased coverage by the policyholder is necessary before those who would be incidental or third-party beneficiaries as 'other insureds' can seek optional benefits." *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983). See also *Waco Fire &c. Ins. Co. v. Goudeau*, 178 Ga. App. 426 (1) (343 SE2d 131) (1986); *Occidental Fire &c. Co. v. Buyce*, 173 Ga. App. 881, 882 (328 SE2d 574) (1985); *Vandergriff v.*

*Travelers Ins. Co.*, 172 Ga. App. 198 (322 SE2d 522) (1984). This court's decisions in *Bailey* and its progeny pretermits any questions raised by appellant as to whether appellee's application form met the requirements of OCGA § 33-34-5 (b). *Southeastern Fid. Ins. Co. v. Timmons*, 172 Ga. App. 366 (323 SE2d 183) (1984); *Dobbins v. Occidental Fire &c. Co.*, 171 Ga. App. 98 (319 SE2d 31) (1984). See also *Bailey*, supra at 707. Appellant cites *Perry v. Intl. Indem. Co.*, 251 Ga. 709 (309 SE2d 139) (1983), in support of her position. That case, however, has been distinguished from the factual situation presented in the case at bar. See *Occidental Fire &c. Co. v. Buyce*, supra at 883.

2. Appellee's request for the imposition of a $500 penalty for frivolous appeal under Rule 26 (b) of the Rules of the Court of Appeals is denied.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1986.

*Paul R. Koehler, Todd K. Maziar*, for appellant.
*Henry E. Scrudder, Jr.*, for appellee.