## 54164. MORRIS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

SMITH, Judge.

Following an accident involving the appellant Morris, State Farm, Morris' insurer, brought this action seeking a declaratory order of nonliability under the policy. The trial court granted summary judgment for State Farm, holding the policy void because of appellant's breach of a declaration of the policy, because of material misrepresentations in the application for the policy, and because of the appellant's failure to comply with the notice provisions regarding newly acquired vehicles. The appeal objects to each reason for the holding, but we affirm.

1. The undisputed evidence showed the policy in question, issued on March 14, 1975, contained a declaration by the insured that "no license to drive or registration has been suspended, revoked, or refused for the named insured. . . within the past three years." It further appeared without dispute that on March 27, 1972, the appellant had had his license to drive suspended for a six month period for driving under the influence. The policy contained the statement, "By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations [and] that this policy is issued in reliance upon the truth of such representations . . ." This provision closely tracks the language of Code Ann. § 56-2409 (3), where a misrepresentation in an application for insurance may operate to preclude recovery under the policy if "[t]he insurer in good faith would . . . not have issued the policy

or contract. . . if the true facts had been known to the insurer." The sum of the undisputed evidence, then, is that the policy was issued less than three years following suspension of the appellant's license, that the appellant did not disclose this fact, and that the insurer would not have issued the policy had he disclosed it. This amounts to a valid reason, both under the policy and under the Code, for precluding recovery, so the trial court correctly granted summary judgment in State Farm's behalf.

We are not persuaded by the appellant's contention that there was no misrepresentation. He argues first that the above-quoted language of the declaration is ambiguous and must be construed against the insurer to mean that the *commencement date* of the suspension was not within the last three years, and second that the issue date of the policy was not March 14, 1975, but was really the date the original policy was amended at the appellant's request, May 13, 1975. Taking these two together, the issue date of the policy is greater than three years following that date on which the appellant's license was suspended. We go no further than to note that the record shows the policy amendment was just that — an amendment — and was not a novation or reissue which would alter the issue date of the policy; thus, this issue date is within three years of the date of suspension.

2. It follows from our discussion above that the summary judgment was proper; therefore we need not rule on the two additional grounds stated in the court's order.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 27, 1977 — DECIDED OCTOBER 3, 1977 — REHEARING DENIED OCTOBER 21, 1977.

*Matthew J. Blender,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Morris Weinberg, Jr.,* for appellee.