## 61382. RENFROE v. WARREN-HAWKINS AMERICAN LEGION POST NO. 523.

BANKE, Judge.

This appeal is from the grant of summary judgment in a personal injury suit. The appellant was stabbed in an altercation with a "doorman" who was screening guests at a party being held in the auditorium portion of appellee's building. He brought suit contending that the doorman was either the agent of appellee, or that he had apparent authority to act for appellee. In either event, appellee asserts that appellant was negligent in its failure to protect its patrons. *Held:*

Questions regarding the existence of agency and the extent of the agent's authority are generally for the trier of fact. *Allen & Bean v. American &c. Ins. Co.,* 153 Ga. App. 617, 619 (266 SE2d 295) (1980). In this case, however, the affidavits show that no agency existed. The uncontroverted facts show that Mr. Williams, the doorman, was hired by The Black Honesty Club, which had rented the auditorium portion of appellee's building for a private party. His duties included being present at the inner door to the auditorium to insure that only those invited by the club entered. Any inference of agency relied upon by his mere presence at a building owned by the appellee disappeared by satisfactory proof to the contrary in the affidavits of both the purported principal and purported agent. Both clearly show that appellee had no connection with or knowledge of Mr. Williams. The trial court correctly entered summary judgment. Accord, *Red Top Cab Co. v. Hyder,* 130 Ga. App. 870 (204 SE2d 814) (1974).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 28. 1981 —
REHEARING DENIED FEBRUARY 20, 1981.

*Lonzy F. Edwards,* for appellant.
*Robert S. Slocumb,* for appellee.