### 65550. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. CONE.

BANKE, Judge.

On September 30, 1977, Cone applied for "no-fault" automobile insurance under the Assigned Risk Plan (former Code Ann. §§ 68C-601 et seq.) (OCGA § 40-9-100). He submitted the application to a broker with the Georgia Farm Bureau Mutual Insurance Company on a form devised by the Automobile Insurance Service Plan in New York, and the appellant issued him a policy providing coverage from October 1, 1977, to October 1, 1978.

The application form contained boxes in which to place check marks to indicate a desire for additional personal injury protection (PIP) of $10,000, $25,000, or $50,000; and one space for the applicant's signature was provided under these boxes. The additional PIP coverage was rejected, and Cone's signature appears in the space thereunder.

On November 11, 1977, Cone sustained injuries in an auto-

mobile accident, for which he received $5,000 PIP benefits under the policy issued by appellant. On October 23, 1981, and November 18, 1981, he sought to have the $5,000 basic PIP coverage increased to $50,000 by tendering the difference in the premium actually paid and the amount that would have been due had PIP coverage of $50,000 originally been purchased. Appellant refused, and Cone then brought suit, alleging that he had not been sufficiently informed of his options for coverage and that the application form did not meet the requirements of former Code Ann. § 56-3404b [OCGA § 33-34-5], as construed in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). In this appeal from the denial of its motion for summary judgment, the appellant/insurer contends that the application form complies fully with the requirements of the statute. *Held:*

In *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), the Supreme Court held "that the requirements of [OCGA § 33-34-5] are satisfied by two signatures, one for acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage coverage." Signature spaces for both are present in the application before us.

In his affidavit, the appellee admits that he supplied the basic information for the application but asserts that the boxes on the form were checked by someone else. He does not deny, however, that the boxes were checked when he signed the signature spaces, nor does he deny that the signatures are his own. "The insured was not only free to examine the contract, he was under a duty to do so, and if he had done that he would have observed just what coverage it provided to him. If it was not what he wished to have, he could have renegotiated his contract . . ." *Parris & Son v. Campbell,* 128 Ga. App. 165, 173 (196 SE2d 334) (1973). See also *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867) (1980). It follows that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED MARCH 14, 1983.

*Luhr G. C. Beckmann, Jr., Andrew J. Hill III,* for appellant.
*Ralph R. Lorberbaum, Lorenzo C. Merritt, Susan K. Weston,* for appellee.