66870. WIGGINS v. HOME OWNERS WARRANTY COUNCIL OF METROPOLITAN ATLANTA, INC.

DEEN, Presiding Judge.
Wiggins brought this action against the Home Owners Warranty Council of Metropolitan Atlanta, Inc. (HOW), alleging that HOW was liable under a warranty it had issued against defects in the construction of Wiggins's home. At the close of Wiggins's evidence at trial, the trial court directed a verdict for HOW, and Wiggins appeals.

On November 22, 1977, the appellant entered a sales contract for the construction of a house, with Lamar Tatum as the builder. No one signed that agreement on behalf of HOW, and the contract contained no reference to any HOW warranty against construction defects. During the period of construction, Tatum had placed in the appellant's yard a sign which read "HOW[:] Ask about 10-year Buyer Protection on this Home," and Tatum's father had given the appellant a brochure which explained generally the homeowner warranty offered by HOW. It appears that, at the time of the execution of the sales contract and during the period of construction, Wiggins had been under the impression that Tatum was a registered builder and in good standing with HOW.

After moving into the house in August 1978, the appellant discovered various construction defects. Unable to locate Tatum, the appellant contacted HOW regarding the homeowners warranty and was informed that Tatum, who was no longer registered with HOW, had failed to submit the necessary application for a home warranty on the appellant's house. The appellant had had no prior contact with HOW regarding the existence of a warranty on his house.

The appellant's sole contention on appeal is that the evidence established a jury question as to whether a principal/agent relationship existed between HOW and the builder. *Held:*
The existence of an agency and the extent of the agent's

authority are generally questions for the trier of fact. *Renfroe v. Warren-Hawkins American Legion Post No. 523,* 157 Ga. App. 614 (278 SE2d 414) (1981); *Allen & Bean, Inc. v. American Bankers Ins. Co.,* 153 Ga. App. 617 (266 SE2d 295) (1980). However, the declarations of an alleged agent, standing alone, are insufficient to prove agency. *Brewer v. Southeastern Fid. Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668) (1978); *Carmichael v. Silvers,* 90 Ga. App. 804 (84 SE2d 668) (1954). "[W]here the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists." *Shivers v. Barton & Ludwig, Inc.,* 164 Ga. App. 490, 491 (296 SE2d 749) (1982).

In this case, the only evidence adduced to demonstrate an agency relationship between HOW and the builder consisted of the appellant's assumption and the builder's representations (including use of the HOW sign and provision of the warranty brochure); there simply was no showing of HOW's conduct, representations, course of dealing, or knowledge of the material facts. Under the above authorities, this evidence was insufficient to prove an agency or any ratification, and, accordingly, the trial court properly directed a verdict for HOW.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 7, 1983.

*Joseph J. Gigliotti, T. Gordon Lamb,* for appellant.
*Abraham A. Sharony, Neil C. Gordon,* for appellee.