67293. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. COFFMAN.

DEEN, Presiding Judge.

On December 30, 1976, appellee Mary Coffman (then Mary Peacock) applied for "no-fault" automobile insurance under the Assigned Risk Plan, OCGA § 40-9-100 (Ga. Code Ann. § 68C-601 et seq.). The application form used by Ms. Coffman contained separate boxes for each of the three additional Personal Injury Protection (PIP) coverages ($10,000, $25,000, $50,000), followed by two boxes labeled respectively "I (We) Accept" and "I (We) Reject." Beneath these five boxes was a signature line. The application form provided similar boxes to indicate acceptance or rejection of offerings of three additional options: comprehensive insurance, loss of use insurance, and protection against uninsured motorists. A signature line followed each set of boxes. Ms. Coffman checked the "I . . . Reject" box under all four headings and signed all four signature lines, and appellant Georgia Farm Bureau Mutual Insurance Co. (Georgia Farm) issued a policy providing basic PIP coverage from about January 9, 1977, to January 9, 1980.

On January 18, 1977, Ms. Coffman was involved in a vehicular collision which produced medical bills in excess of $30,000 in addition to loss of wages amounting to $36,000. Georgia Farm paid the $5,000 that represented the policy limits. At the end of the policy's term (January 1980), appellee did not renew it.

On January 5, 1982, Ms. Coffman's attorney wrote to Georgia Farm alluding to the recently decided *Jones v. State Farm Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), and requesting an application form and the amount of additional premium necessary for obtaining the maximum coverage of $50,000 for the period when the policy was in effect. Georgia Farm's attorney replied on January 26 that the claim was denied because the application form met the *Jones* requirements, and the holding in that case was therefore inapplicable to Coffman's situation. On February 10 appellee's attorney advised Georgia Farm by letter that his client wished to accept the "statutory continuing offer" of *Jones.* He stated that his client was making an unconditional tender of the additional premium amount and again requested the exact figure for such premium. The letter further demanded payment within 30 days of $45,000, the difference between the $5,000 paid and the $50,000 maximum benefit for which Coffman was purporting to apply.

Appellee filed suit in the Bibb County Superior Court on March 18, 1982, and the court granted her motion, pursuant to OCGA § 33-24-8 (Code Ann. § 56-2408), that the court hold inadmissible in

evidence not only the application itself but all reference to it. The statute relied upon was passed as part of the 1960 Georgia Insurance Act, some fifteen years prior to passage of the "no-fault" law, and reads in its entirety as follows: "As to kinds of insurance other than life insurance, no application for insurance signed by or on behalf of the insured shall be admissible in evidence in any action between the insured and the insurer arising out of the policy applied for if the insurer, at expiration of 30 days after receipt by the insurer of written demand by or on behalf of the insured for a copy of the application, has failed to furnish to the insured a copy of the application reproduced by any legible means."

After granting Coffman's motion, the trial court made written findings of fact and conclusions of law and entered judgment for Coffman in the amount of $45,000. Georgia Farm appeals, enumerating as error the court's granting of appellee's motion and the consequent deletion of the application and all references thereto; the sustention of appellee's objection to the admission of the application and testimony pertaining thereto; the findings of fact and conclusions of law regarding the propriety of the exclusion of the application and related testimony; and the entry of judgment for appellee. *Held:*

This case apparently presents a novel question regarding the applicability of OCGA § 33-24-8 (Code Ann. § 56-2408) in fact situations such as that obtaining in the instant case. Our scrutiny of cases which follow *Jones,* supra, and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), reveals that the statute in question was never raised or pled in any of these cases, all of which focus upon the insurance application form itself as the determinant of compliance with the *Jones* mandate. See, e.g., *State Farm Auto. Ins. Co. v. Cone,* 165 Ga. App. 766 (302 SE2d 620) (1983). See generally *Sentry Indemnity Co. v. Sharif,* 248 Ga. 395 (282 SE2d 907) (1981); *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33 (268 SE2d 623) (1980); *Morris v. State Farm &c. Ins. Co.,* 143 Ga. App. 617 (239 SE2d 187) (1977).

Pretermitting the question of whether or not appellee's letters of January and February 1982 actually constituted such a demand for a copy of the application form as would trigger the operation of OCGA § 33-24-8 (Code Ann. § 56-2408), we find ourselves unable to agree with appellee that the document which is both the gravamen of her complaint and the "best evidence" in support thereof can be the subject of a motion for exclusion at trial. Simple logic would decree otherwise.

Moreover, even if, *arguendo,* a sufficient "demand" was made and the statute is applicable and compels such an anomalous

evidentiary posture as that which resulted at trial, we are nevertheless unable to affirm the judgment of the trial court. With the application excluded from evidence, the plaintiff below (appellee here) had left for herself no means of carrying her burden of proving the bare allegation of non-compliance contained in her complaint. Thus we find no competent evidence that would support the judgment below.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 2, 1983.

*Denmark Groover, Jr.,* for appellant.
*S. Phillip Brown,* for appellee.