67739. MORRIS v. FIDELITY & CASUALTY COMPANY OF NEW YORK.

BANKE, Judge.

Appellant Morris applied for automobile insurance through Marion C. Cook, doing business as Cook & Associates, an in-

dependent insurance broker. The application was on a standard form utilized in the Georgia Assigned Risk Plan. See OCGA § 40-9-100 (Code Ann. § 68C-601). A signature purporting to be that of "Robert M. Morris" appeared in six different places on the application, one of which was directly under a checked block indicating his rejection of optional personal injury protection (PIP) coverage. Morris denies signing the application and contends that Cook forged his signature, while Cook contends that the application was mailed to Morris and was returned through the mail bearing his signature. Cook subsequently mailed the completed application to the Georgia Automobile Insurance Plan, which through a random process selected the appellee, The Fidelity and Casualty Company of New York (F & C), as the insurer. The application was then sent to F & C, which issued a 1-year policy, effective May 12, 1978, containing only basic PIP coverage.

On November 2, 1978, Morris was injured in an automobile accident, for which he received $5,000 in PIP benefits from F & C. In May 1982 Morris tendered an additional premium payment for the purchase of additional PIP benefits in the amount of $45,000. F & C declined to accept this tender, and thereafter Morris brought this suit against both F & C and Cook to recover the additional benefits. He appeals the trial court's grant of summary judgment to F & C. *Held:*

1. OCGA § 33-34-5 (a) (Code Ann. § 56-3404b) requires each insurer to make available on an optional basis PIP coverage up to $50,000 per person. "Each application . . . must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages . . . and no such policy shall be issued in this state unless these spaces are complete and signed by the prospective insured." OCGA § 33-34-5 (b) (Code Ann. § 56-3404b). The application form in the instant case contained the requisite signatures as required by OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). Accord, *State Farm Mut. Auto. Ins. Co. v. Cone,* 165 Ga. App. 766 (302 SE2d 620) (1983). However, Morris contends that there is a genuine issue of material fact as to whether these signatures are actually his.

The evidence is undisputed that Cook was not acting as an agent of F & C; therefore, his acts cannot be imputed to F & C. See generally *Nat. Property Owners Ins. Co. v. Wells,* 166 Ga. App. 281 (304 SE2d 458) (1983); *Beck v. First of Ga. Underwriters Co.,* 157 Ga. App. 73 (276 SE2d 124) (1981); *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668) (1978). Morris submits no authority in support of his contention that F & C had an independent obligation to ascertain the genuineness of his signature on the application form under these circumstances. Accordingly, we hold that the dispute as

to the authenticity of the signatures is not material to the issue of F & C's liability for optional PIP benefits.

2. Morris also contends that F & C may be held liable for failing to obtain an independent rejection of the optional coverage on its own behalf. The policy issued by F & C provided the coverage requested on the application submitted to it on the standard form utilized in the Georgia Assigned Risk Plan, which contained an offer of optional PIP conforming to the statutory requirements. To hold that F & C was obligated to obtain a second rejection of optional PIP coverage would necessitate that we engage in a very strained construction of the statute, which we decline to do.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1984 —
REHEARING DENIED FEBRUARY 20, 1984.

*Verlyn C. Baker,* for appellant.
*Charles M. Lokey, Matthew J. Blender, M. David Merritt, William S. Sutton,* for appellee.