68850. NATIONAL INDEMNITY COMPANY v. SMITH.
(323 SE2d 274)

DEEN, Presiding Judge.

On June 4, 1975, either the appellee's late husband or someone on his behalf applied for automobile insurance through Merritt & McKenzie Insurance Agency (Merritt & McKenzie), an independent insurance broker. The completed application was forwarded to the Georgia Insurance Commissioner under the assigned risk plan. See OCGA § 40-9-100. The appellant, National Indemnity Company, was randomly selected and required to issue automobile liability insurance based upon the application; the policy duly issued provided for $5,000 basic personal injury protection (PIP) and an additional $20,000 optional PIP.

The application form contained a separate section for the available coverages, with separate signature spaces for the optional PIP, comprehensive, and uninsured motorist coverages. All three spaces bore the purported signature of the appellee's late husband.

In September 1977 the appellee was injured in an automobile accident, for which injuries the appellant paid the appellee's claim for $25,000 PIP under the policy. In February 1982 the appellee contacted the appellant and indicated that she had elected to accept the maximum PIP coverage, pursuant to *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980). The appellant rejected the tender of any additional premium and denied this requested optional coverage. In July 1982 the appellee commenced this action to recover the additional PIP benefits. This appeal follows from the trial court's denial of the appellant's motion for summary judgment. *Held*:

The application form in the instant case met the signature requirements of OCGA § 33-34-5 (b). See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983); *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984). The appellee, however, disputes the authenticity of the purported signatures of her late husband and contends that the acts or omissions of Merritt & McKenzie were imputable to the appellant insurer.

Where an insurer is compelled to issue a policy of automobile insurance pursuant to the Georgia assigned risk plan, based upon an

application initially taken by an insurance broker not acting as the insurer's agent, a dispute over the authenticity of the signatures on the application is not material to the issue of the insurer's liability for optional PIP benefits. *Morris v. Fidelity &c. Co. of N. Y.*, 169 Ga. App. 883 (315 SE2d 451) (1984). (We note that *Morris* was decided subsequent to the trial court's denial of summary judgment for the appellant.) In the instant case, by the affidavits submitted in conjunction with the motion for summary judgment, it was uncontroverted that Merritt & McKenzie acted as an independent insurance broker and not as the agent of the appellant, and that the appellant issued the insurance policy in question pursuant to the assigned risk plan. Accordingly, this case is controlled by *Morris v. Fidelity &c. Co. of N. Y.*, supra, and the appellant is entitled to summary judgment.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 17, 1984.

*J. M. Hudgins IV, Alan L. Newman,* for appellant.
*Michael G. Frick, Frederick M. Scherma,* for appellee.