68938. ALLSTATE INSURANCE COMPANY v. O'BRIEN.
(324 SE2d 498)

SOGNIER, Judge.

Teresa O'Brien sued Allstate Insurance Company ("Allstate") seeking to recover optional personal injury protection (PIP) benefits under an automobile insurance policy issued to her by Allstate. O'Brien's husband was killed in an automobile accident and Allstate paid basic benefits for funeral and medical expenses. O'Brien sought to elect the maximum PIP benefits and tendered the additional pre-

mium pursuant to *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), but Allstate refused to provide the increased coverage. The trial court denied Allstate's motion for summary judgment and we granted Allstate's interlocutory appeal.

It is undisputed that appellant's application form meets the requirements of OCGA § 33-34-5. *Van Dyke v. Allstate Ins. Co.*, 250 Ga. 709, 711 (300 SE2d 673) (1983). The form contains four sets of boxes to be checked as rejecting or accepting optional benefits, with signature spaces by each set of boxes. Appellee admits that she signed at each signature space. However, she stated that the boxes were blank at the time she signed and that she understood the agent would complete her application in accordance with her request for maximum benefits. The insurance agent admitted that she herself checked the boxes either before or after appellee signed but stated that she checked minimum coverage as had been requested by appellee.

1. Appellant contends that the trial court erred by denying its motion for summary judgment because the insurance agent was not its agent so that appellant cannot be held liable for the agent's actions, or because the application form was completed by the insurance agent acting with authorization from appellee and therefore that application is binding on appellee.

In support of appellant's contention that the insurance agent was not acting as its agent, appellant cites *Morris v. Fidelity & Cas. Co.*, 169 Ga. App. 883 (315 SE2d 451) (1984). Both *Morris* and our recent case of *Nat. Indem. Co. v. Smith*, 172 Ga. App. 415 (323 SE2d 274) (1984), are distinguishable on the grounds that those applicants for insurance applied through independent agents for coverage under an assigned risk plan. Thus the agents were not acting on behalf of the insurers since the insurance companies, randomly selected, were required to issue automobile liability insurance based upon the applications. See OCGA § 40-9-100. In this case, there is a question of fact as to whether the insurance agent was acting as appellant's agent. The insurance agent in her deposition stated that she worked for an independent agency and represented appellant as well as other insurance companies. Appellee in her deposition indicates that she understood she had gone to an office of appellant to obtain insurance from appellant, and that the insurance agent was an agent of appellant. The record is devoid of any denial of agency by appellant. "The existence of an agency and the extent of the agent's authority are generally questions for the trier of fact." *Wiggins v. Home Owners Warranty Council*, 168 Ga. App. 777, 778 (310 SE2d 554) (1983). Because the evidence is insufficient to pierce appellee's pleadings and shift the burden to appellee to show the fact of agency, the trial court properly denied appellant's motion for summary judgment. See *Nat. Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281, 283 (304 SE2d 458)

(1983).

Further, the trial court properly denied appellant's motion based on its argument that the insurance agent was acting on behalf of appellee. The evidence in the record is insufficient to conclusively determine whether or not the agent represented appellee in completing the application form and was authorized by appellee to check the boxes as she did. Thus, questions of fact exist for the jury, and the trial court did not err by denying appellant's motion for summary judgment.

2. Appellant's fourth enumeration of error was based on *Intl. Indem. Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) (1984). That case having been recently reversed by the Supreme Court in *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816) (1984), we find no merit in this enumeration.

3. Appellant in its remaining contention asserts error by the trial court in refusing to grant summary judgment as to all penalties, attorney fees and punitive damages because appellant's defense of this case has been conducted in good faith as a matter of law. Ordinarily, whether or not the insurer has acted in good faith or bad faith is a question of fact for the jury. *Gillem v. MARTA*, 160 Ga. App. 393, 395 (4) (287 SE2d 264) (1981). Construing the evidence in appellee's favor, a question of fact exists as to whether appellant acted in good or bad faith by failing to pay benefits when it learned that the boxes were checked after appellee signed the rejection form. Therefore, the trial court properly denied appellant's motion for summary judgment on this issue.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 8, 1984 —
REHEARING DENIED NOVEMBER 21, 1984 

*Thomas S. Carlock, R. Clay Porter*, for appellant.
*Dietrich W. Oellerich, Jr., Terrance P. Leiden*, for appellee.