71624. WACO FIRE & CASUALTY INSURANCE COMPANY
v. GOUDEAU.
(343 SE2d 131)

DEEN, Presiding Judge.

Appellee, John Goudeau, was the owner-operator of a tractor-trailer which he leased to Watkins Motor Lines, Inc. The vehicle was listed under a policy issued to Watkins Motor Lines by Waco Fire & Casualty Insurance Co. Both Watkins Motor Lines and Waco are wholly owned subsidiaries of Watkins Associated Industries, Inc.

Goudeau was injured in an accident while riding as a passenger in the tractor portion of his rig on March 21, 1980. Ken Grider, who is employed by Watkins Associated Industries as a vice-president for both Watkins Motor Lines and Waco, sells Waco insurance to Watkins' truck drivers, and handles claims. Waco issued the insurance on Goudeau's tractor-trailer and sold him workers' compensation insurance under the Watkins Motor Lines policy. The insurance on the vehicle was part of the consideration for the lease and consisted of two parts: liability, and fire, theft, and collision. For the latter coverage, he had to fill out a form listing the equipment on his vehicle, but he did not have to complete any forms for liability coverage. He received an insurance card, but did not receive anything to explain his coverage. The drivers were charged for the workers' compensation coverage. In his deposition Grider admitted that when an owner-driver such as Goudeau leases his vehicle to Watkins Motor Lines, the company does not inform him of his PIP coverage and does not offer optional PIP coverage.

Goudeau incurred $10,335.10 in medical bills and $5,600 in lost income. Waco was informed of Goudeau's injuries, investigated, and

paid his medical bills and weekly wages as workers' compensation benefits. Goudeau was never informed by anyone at Watkins Motor Lines or Waco of the availability of PIP benefits under the liability insurance. In August of 1983, Goudeau's attorney, acting under the mistaken belief that the minimum PIP benefits had been paid, sent a letter to Waco demanding optional PIP benefits. Waco responded by sending the attorney a draft for $2,500, which contained full release language on the back but was accompanied by no cover letter. The attorney returned the draft, and Waco responded by returning it and enclosing another one for $2,500, which also contained full release language on the back. These drafts were returned and this action was filed, seeking the statutory penalties by alleging bad faith in failing to pay basic PIP benefits within 60 days after the defendant had reasonable proof of the fact of the loss and the amount thereof, and in failing to pay the demanded optional PIP benefits in the amount of $15,935.10. The complaint was later amended to include a fraud claim alleging inceptive fraud by issuing insurance to, or on behalf of Goudeau, with the present intention never to pay or, in the alternative, not to pay timely the benefits. Waco responded and tendered the two drafts which had been previously returned, with the release language stricken. Waco then moved for summary judgment, and this court granted an interlocutory appeal from the denial of the motion.

1. Appellant contends that the trial court erred in failing to grant partial summary judgment as to the claim for retroactive optional PIP benefits because the undisputed facts showed that the claimant is not the policyholder, and the policyholder testified by affidavit that it does not desire to increase the policy limits for the accident in question.

"[A] demand for increased coverage by the policyholder is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983). See also *Occidental Fire & Cas. Co. v. Buyce*, 173 Ga. App. 881 (328 SE2d 574) (1985). In the instant case, Watkins Motor Lines was the applicant and the policyholder, and it did not seek additional coverage or tender a premium for additional PIP coverage. While appellee was an insured, he was not one who actually applied for and purchased insurance, but rather was one who might benefit from the contract at a future time. See *Dobbins v. Occidental Fire & Cas. Co.*, 171 Ga. App. 98 (319 SE2d 31) (1984). The fact that insurance coverage was part of the consideration for the lease of Goudeau's vehicle does not make him a policyholder. The contract of insurance was entered into by Watkins Motor Lines and Waco. Accordingly, the trial court erred in failing to grant partial summary judgment as to this issue.

2. Waco also contends that the trial court erred in failing to

grant summary judgment as to the claim for penalties, attorney fees and punitive damages with respect to the payment of PIP benefits where the undisputed facts show that the $5,000 in PIP benefits was tendered within the statutory period authorized under OCGA § 33-34-6.

Under OCGA § 33-34-6 (b) "benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained." Appellant does not contend that its delay in payment was in good faith. It argues that a formal claim for benefits was never made and that the two partial payments which were conditioned on a full release did not constitute a delay, but were made out of an abundance of caution before it was legally obliged to make any payment. Grider also claims that he did not make the payments earlier because he had received legal advice that the PIP benefits could be offset against the workers' compensation benefits that Waco paid, and that he later learned this advice to be erroneous and made the payments. Goudeau contends that Waco was obligated to pay basic PIP benefits after the March 2, 1980, injury when he applied for insurance benefits under the workers' compensation policy and advised Waco of the facts of the accident and the extent of his injuries. In the alternative, he argues that Waco was obligated to unconditionally pay basic PIP benefits within 60 days after it waived any specific demand requirement in August 1983 by forwarding half of the basic benefits with a release attached.

"[T]he date on which an insurer should be deemed to have received 'reasonable proof of the fact and the amount of loss sustained' by its insured is that date upon which the insurer received sufficient proof *from the insured* to enable the insurer to verify or disprove, through the exercise of reasonable diligence, the basic components of the insured's claim." *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230, 235 (274 SE2d 623) (1980). A jury could find that Waco had sufficient notice when it processed the workers' compensation claim to be liable for PIP benefits from that date. Moreover, a jury could find that Waco felt it had received sufficient proof from the insured some time prior to August of 1983, to justify making a partial payment of $2,500. See *Kitt v. Shield Ins. Co.*, 240 Ga. 619, 620 (241 SE2d 824) (1978), wherein notice to the insurance agent that the policyholder's daughter had been struck by an uninsured motorist was held sufficient, as the claim does not have to specify the type of coverage involved. Goudeau gave immediate notice of the accident to Waco and applied for insurance benefits. He did not know of the availability of PIP benefits. Grider admitted that Waco did not inform insureds of this coverage and that they issued only a proof of insurance card to the drivers. Waco knew exactly what type of insurance coverage Goudeau had, and a jury could find there was a deliberate attempt to

conceal this information from the insured. Indeed, there is evidence in the record to indicate that other claimants had considerable difficulty in discovering that PIP benefits existed and what they were, and in receiving payment after they had been injured. The trial court correctly denied summary judgment on this issue, as a jury must determine whether Waco acted in bad faith in failing to pay timely PIP benefits.

*Judgment affirmed in part, reversed in part. Benham and Beasley, JJ., concur.*

DECIDED MARCH 14, 1986 —
REHEARING DENIED MARCH 26, 1986 —

*Thomas S. Carlock, R. Clay Porter, David F. Root,* for appellant. *James E. Butler, Jr.,* for appellee.