73345, 73453. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. ACHESON; and vice versa.
(355 SE2d 128)

Benham, Judge.

Leonard S. Acheson died of a ruptured aortic aneurysm one week after being in an automobile wreck. After his widow made a claim on a policy covering the vehicle, State Farm, issuer of the policy, brought an action for declaratory judgment seeking a determination that Mr. Acheson's death was not the result of an insured event. A jury found that it was and that the death was covered by State Farm's policy. That determination is not at issue here. What is at issue is the order in which benefits are to be paid out of the Personal Injury Protection part of the policy.

The policy provides for $25,000 PIP benefits and $5,000 excess medical coverage. The medical expenses incurred prior to Mr. Acheson's death amounted to $14,751.33, and funeral expenses totalled $3,675.40. State Farm took, and still takes, the position that the proper order of payment was to pay all the medical expenses and $3,500 of the funeral expenses from the PIP coverage, cover the balance of the funeral expenses from the excess medical coverage, and then pay the remaining PIP coverage as survivor's benefits. That remainder was $6,748.67. The trial court, however, decided that the proper order was to pay the expense which was first incurred, the medical expenses, then to calculate the survivor benefit, which became fixed, according to the trial court, at the moment of Mr. Acheson's death, and subtract that from the remaining PIP benefits. The remainder would be applied to funeral expenses, the unpaid balance of which would then be covered by the excess medical coverage. That plan would result in all the medical and funeral expenses being paid and in Mrs. Acheson receiving $8,109 in survivor's benefits.

In Case No. 73345, State Farm appeals from the order establishing the trial court's version of the order of payment and awarding Mrs. Acheson prejudgment interest. In Case No. 73453, Mrs. Acheson cross-appeals, enumerating as error the trial court's striking of her claim for bad faith penalties and attorney fees.

1. Although we agree with the result reached by the trial court,

we do not find it necessary to resort to calculating the date on which the various expenses were incurred. Instead, we look to a basic principle of insurance law and to the purpose of the No-Fault Act.

"The law favors coverage, as that is the intent of purchasing insurance in the first place. [Cit.]" *Reynolds v. Transport Ins. Co.*, 178 Ga. App. 462, 464 (343 SE2d 502) (1986). If the various expenses and entitlements involved in this case were to be distributed as the trial court ordered, there is sufficient coverage to meet them all without exhausting the coverage for which the Achesons paid State Farm. The notion that benefits should be allocated so as to maximize coverage is reinforced by the language in OCGA § 33-34-5 (a) (1), which directs that optional no-fault benefits be paid "as determined by the insured without apportionment" to cover certain listed expenses and entitlements, including those at issue in this case. Clearly, that principle supports the ruling of the trial court.

"The purposes of this no-fault statute include the elimination of wasteful litigation over moderate to small claims, and the provisions of certain minimal insurance coverage for automobile accident victims. [Cit.]" *Cannon v. Georgia Farm &c. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238) (1978). State Farm's grudging approach to allocation of losses among different coverages is contrary to both purposes of the Act. Obviously, State Farm's approach is intended to limit the amount payable to Mrs. Acheson as survivor's benefits, contravening the second stated purpose. As to the first stated purpose, we note that the amount of money at stake in the controversy concerning allocation of benefits is $1,360.33, which brings this case squarely within the class mentioned in *Cannon*.

We hold, therefore, that application of the principle stated in *Reynolds*, supra, and of the clear intent of the legislature in OCGA § 33-34-5 (a) (1) requires the conclusion that the coverage of the policy issued by State Farm should have been utilized so as to be most beneficial to the insured and the beneficiaries. In this case, that allocation was as the trial court directed.

2. The second issue raised in State Farm's appeal is the award of prejudgment interest. State Farm claims that the award is inappropriate because both liability and damages were contested. That contention is controlled adversely to State Farm by this court's opinion in *Intl. Indem. Co. v. Terrell*, 178 Ga. App. 570 (2) (344 SE2d 239) (1986). Contrary to State Farm's argument, the fact that the survivor's benefits were payable monthly for one year did not make the trial court's award of interest incorrect: the trial court calculated the interest on the basis of monthly payments of that benefit. We find no error in the award of interest for any reason asserted by State Farm.

3. In her cross-appeal, Mrs. Acheson complains of the trial court's action in striking, without explanation, her claim for bad faith

penalties and attorney fees. We agree with her concerns and reverse.

The question of the insurer's good faith or lack thereof is one of fact for the jury. *Binns v. MARTA*, 250 Ga. 847 (301 SE2d 877) (1983). While there are cases in which the issue can be decided as a matter of law, i.e., where there is no evidence of bad faith or where the evidence on the issue of liability is so close as to demand a finding of good faith (see *Georgia Farm &c. Ins. Co. v. Matthews*, 149 Ga. App. 350 (254 SE2d 413) (1979)), our review of the record does not support such a finding in this case. Accordingly, the portion of the trial court's order which struck Mrs. Acheson's claim for statutory bad faith penalties and attorney fees must be reversed.

*Judgment affirmed in Case No. 73345; judgment reversed in Case No. 73453. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 18, 1987.

*Kenneth R. Hilyer*, for appellant.
*James W. Hurt, A. Douglas Newsome*, for appellee.