75227. STRICKLAND v. AMERICAN HOME ASSURANCE COMPANY.
(367 SE2d 241)

SOGNIER, Judge.

Angela Strickland appeals from the trial court's grant of partial summary judgment in favor of American Home Assurance Company on her claim for penalties, attorney fees and punitive damages pursuant to OCGA § 33-34-6 in her suit to recover benefits under an automobile insurance policy.

The record reveals that appellant subsequent to her December 17, 1985 accident, contacted Parker-Kaufman Realtors and Insurers (Parker-Kaufman) in mid-January to pursue benefits under the automobile policy issued to her by appellee. As the result of various delays, appellee was not contacted until February 19, 1986, when it re-

ceived a document captioned "Loss Notice" setting forth a brief description of the accident and copies of three medical bills for emergency and radiological services rendered appellant which were referenced in the loss notice. In response, appellee mailed appellant an application for benefits form which appellant completed and, along with several other medical bills, returned to appellee. This application form also contained a claim for lost wages. Appellee received the form and attachments on March 14, 1986. Appellant was recompensed for the three original medical bills, along with the March 14th bills, on April 2, 1986. Subsequently submitted medical bills were paid in a timely manner. No payment was made on appellant's claim for lost wages, however, because during the 30-day period after receiving appellant's application containing the claim, appellee's adjuster handling the claim was informed by appellant's former employer that appellant had voluntarily left her job stating she had no way to get to work and that she intended to pursue her schooling. The adjuster was also informed that appellant had filed for unemployment benefits shortly after leaving her job, eligibility for which is dependent on the individual's showing that she is able to work, is available for work, and is actively and in good faith seeking employment. OCGA § 34-8-151 (3). Based on this information and other discrepancies regarding the dates appellant claimed she was unable to work after the accident, appellee refused appellant's claim for lost wages.

OCGA § 33-34-6 provides, in pertinent part: "(b) Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer . . . . In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees. (c) In addition to all other penalties provided for in this Code section, in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages."

Appellant's first argument to support her contention that the trial court erred by granting partial summary judgment to appellee is that her notice to Parker-Kaufman constituted notice to appellee,

thereby triggering the statutory time period. Although " '[t]he existence of an agency and the extent of the agent's authority are generally questions for the trier of fact,' [cit.]," *Allstate Ins. Co. v. O'Brien*, 172 Ga. App. 693, 694 (1) (324 SE2d 498) (1984), appellant presented no evidence to rebut testimony by Parker-Kaufman's president that no such agency existed between Parker-Kaufman and appellee so that notice to Parker-Kaufman of appellant's claim would constitute notice to appellee. Indeed, appellant's own deposition testimony bears out appellee's assertion that it first received notice of appellant's claim in mid-February, specifically, the February 19th loss notice. Thus, this argument is without merit and we turn to appellant's remaining assertions.

In regard to appellant's claim for lost wages, it is uncontroverted no such claim was included in the February 19th loss notice and that the first notice appellee received for such benefits was in the March 14th application. The record also discloses uncontrovertedly that the information appellee acquired from appellant's former employer within 30 days of receipt of the claim for lost wages contained serious discrepancies which formed the basis for appellee's refusal to pay the claim. Although appellant asserted in her deposition that her former employer lied to appellee's adjuster, appellee and its employees had no independent knowledge of the veracity either of appellant or of her former employer. We note that the factual issues involved in the resolution of appellant's claim form the subject matter of the case now pending in the trial court. While ordinarily the question of the insurer's good faith or lack thereof is one of fact for the jury, where there is no evidence of bad faith and/or where the evidence on the issue of liability is so close as to demand a finding of good faith, the issue can be decided as a matter of law. See *Ga. Farm &c. Ins. Co. v. Matthews*, 149 Ga. App. 350, 352-353 (254 SE2d 413) (1979). Our review of the record supports the trial court's grant of partial summary judgment to appellee on appellant's claim for penalties, attorney fees and punitive damages as to the issue of lost wages.

In regard to appellant's claim for medical bills, the record is likewise clear that appellant received payment within 30 days for all medical bills submitted to appellee *except* the three bills accompanying the February 19th loss notice. "OCGA § 33-34-6 (b) is silent as to what constitutes 'reasonable proof of the fact and the amount of loss sustained.' In *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), we held that 'the date on which an insurer should be deemed to have received "reasonable proof of the fact and the amount of loss sustained" by its insured is that date upon which the insurer receives *sufficient proof* from the insured *to enable the insurer to verify or disprove, through the exercise of reasonable diligence, the basic components of the insured's claim.*' (Original empha-

sis omitted; emphasis supplied.) Id. at 235. Thus, OCGA § 33-34-6 (b), as interpreted by *Jones*, does not require a claimant to submit proof of loss of such exactitude as would verify the claim in and of itself. The proof of loss submitted need only be such as would enable the insurer to verify the basic components of the claim through the exercise of reasonable diligence. [Cit.]" *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 607 (2) (359 SE2d 399) (1987).

The evidence in the case sub judice shows that on February 19th appellee received information setting forth the facts of appellant's accident and the amount of loss she sustained as evidenced by the three medical bills which contained the addresses of those rendering service to appellant. Since we do not agree with appellee that it has conclusively demonstrated its good faith merely by showing that it mailed an application form for no-fault benefits to appellant after receiving the February 19th loss notice, we agree with appellant that a question of fact remains whether the information appellee received in the February 19th loss notice was sufficient to enable appellee to verify or disprove the basic components of appellant's claim and whether the mailing of the application form constituted an exercise of reasonable diligence sufficient to show the insurer's good faith. Thus, the trial court erred by granting partial summary judgment in favor of appellee as to appellant's claim for attorney fees and penalty provided by OCGA § 33-34-6 (b) insofar as her claim for the three February 19th medical bills is concerned. However, even assuming, arguendo, that the February 19th loss notice was sufficient proof, since the record reveals appellant received payment for the three February 19th medical bills within 60 days after appellee received that notice, no question of fact exists that appellant is not entitled to punitive damages under OCGA § 33-34-6 (c).

In summary, the trial court's order affirmed except as to that part regarding appellant's claim for OCGA § 33-34-6 (b) penalties and attorney fees solely as to the three February 19th medical bills, as to which a genuine question of material fact remains for determination by a fact finder. See *State Farm Mut. &c. Ins. Co. v. Acheson*, 182 Ga. App. 218, 220 (355 SE2d 128) (1987).

*Judgment affirmed in part and reversed in part. Birdsong, C. J., McMurray, P. J., Carley and Benham, JJ., concur. Deen, P. J., Banke, P. J., Pope, and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent in part because the law which the majority applies supports the trial court's order in its entirety.

The three medical bills about which I depart from the majority opinion were received by the insurer on February 19 attached to a

standard loss notice accord form signed by the insurance producer's representative. Two days later insurer's claims adjuster contacted claimant and sent to her a benefit application form and, as it related to the medical bills, attending physicians' report forms for her to take to the treating physicians. This was requested as proof that the medical bills were for treatment related to the auto collision. The application and medical bill verification were received back by insurer on March 14, and payment was made on April 7, less than thirty days later.

The majority relies on the statutory test as it is refined and explained in the quotation from *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 607 (2) (359 SE2d 399) (1987), a case which as to Division 2 is physical precedent only. Rule 35 (b). I agree that its framing of the test is proper, however. Applying it here, the trial court correctly concluded that "sufficient proof" of claimant's entitlement to payment for the three medical bills was not received until March 14. The mere submission of bills, by themselves and unsupported by anything showing their purported validity and relationship to the covered incident, and without a benefit application signed by claimant, would not trigger the insurer's obligation to pay claimant for them within thirty days. Such a rule would leave wide open the door for fraudulent claims by compelling payment without adequate proof in order to avoid penalty and fees.

The application containing pertinent information and the simple *proof* of loss requested by the insurer from the providers of service through claimant, was reasonable as a matter of law. This is so because it did not exceed that which the insurer is permitted to request from the insured in order "to enable [it] to verify or disprove, through the exercise of reasonable diligence, the basic components of the insured's claim." *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230, 235 (2) (274 SE2d 623) (1980), overruled on other grounds, *Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. 885 (300 SE2d 166) (1982). See *Canal Ins. Co. v. Henderson*, 183 Ga. App. 880, 882 (1) (360 SE2d 435) (1987); *Waco Fire & Cas. Ins. Co. v. Goudeau*, 178 Ga. App. 426, 428 (343 SE2d 131) (1986). Promptly sending the application form and physician report forms to claimant constituted action to verify the bills and their recoverability.

In all other respects, I concur in the opinion.

I am authorized to state that Presiding Judge Banke and Judge Pope join in this opinion.

DECIDED MARCH 3, 1988 —
REHEARINGS DENIED MARCH 18, 1988 —

*W. Douglas Adams*, for appellant.

*John E. Bumgartner*, for appellee.